**STATE of Minnesota, Respondent,**

v.

**Kenneth Edward MURRAY, Appellant.**

**No. C7–92–468.**

Supreme Court of Minnesota.

Jan. 28, 1993.

### ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition of Kenneth Edward Murray for further review of the unpublished decision of the Court of Appeals be, and the same is, granted for the limited purpose of modifying the Court of Appeals' decision. One of the issues relates to the application of the patterned sex offender statute to a conviction of criminal sexual conduct in the third degree. The statute applies to offenses committed on or after August 1, 1989. The charge in question alleged that petitioner committed the offense during the year from June 21, 1989 to June 21, 1990. In other words, part of the period was before the patterned sex offender statute became effective. Petitioner's inexcusable failure to object at trial constitutes a waiver of his right to have the finder of fact—in this case, the trial court, because petitioner waived a jury trial—determine whether the

---

abuse occurred before or after the effective date of the statute. *State v. Robinson*, 480 N.W.2d 644, 646 (Minn.1992); *State v. Olson*, 379 N.W.2d 524, 527 (Minn. 1987). The trial judge, in its role of sentencing judge, was free to resolve this issue for sentencing purposes. The record is not clear whether the trial court resolved the issue for sentencing purposes. The Court of Appeals, among other things, remanded the case to the trial court for resentencing. We believe that on remand the trial court also should resolve this factual issue for sentencing purposes. Petitioner can be sentenced under the patterned sex offender statute for this particular offense only if there is *no* reasonable likelihood that all of petitioner's multiple acts of penetration of the child in question during the year in question occurred before the statute became effective. *See State v. Shamp*, 427 N.W.2d 228, 231 (Minn.1988).