Anthony HALE, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C2–96–2198.

Supreme Court of Minnesota.

July 24, 1997.

Earl P. Gray, Mark D. Nyvold, St. Paul, for Appellant.

Hubert H. Humphrey, III, St. Paul, James C. Backstrom, Charles A. Diemer, Dakota County Judicial Center, Hastings, for Respondent.

## OPINION

BLATZ, Justice.

This appeal is from an order of the Dakota County District Court denying, without holding an evidentiary hearing, appellant Anthony Hale's petition for postconviction relief. Hale was convicted of first-degree murder in the stabbing death of Vicky Shelton on January 31, 1989, and was sentenced to life imprisonment. This court affirmed Hale's conviction on direct appeal. *State v. Hale*, 453 N.W.2d 704 (Minn.1990). Hale subsequently filed multiple petitions for postconviction relief, all of which were heard by the same district court judge and denied. In his most recent postconviction petition, filed August 30, 1996, Hale raised claims of ineffective assistance of trial and appellate counsel which the postconviction court also denied. On appeal to this court, Hale seeks to have his conviction set aside and a new trial granted. We affirm.

We take the facts surrounding the crime as detailed in Hale's direct appeal. *Hale*, 453 N.W.2d 704. Hale lived with the victim, Vicky Shelton, in her Eagan apartment and is the father of their two children. On the afternoon of Tuesday, September 6, 1988, neighbors discovered Shelton's dead body on the floor of the master bedroom near a crib where Shelton and Hale's 3–month–old son was sleeping. Shelton's neighbors had become suspicious after they saw Shelton and Hale's 2–year–old son playing unattended on her patio, saw blood on the apartment curtains and heard the telephone ringing continuously.

During their investigation, the police recovered three large butcher knives and a carving fork in the bedroom. One knife, the handle of which was found on the dresser, had broken off inside Shelton. Another knife and the carving fork were bent and covered with blood. The autopsy revealed that Shelton had been stabbed 14 times. Individually,

at least four of the wounds could have caused her death. There were also signs of attempted strangulation (a bathrobe sash was wound around her neck and an electric cord was lying next to her body) and signs that Shelton had been beaten about the head with a metal coat rack.

Hale was connected to the murder scene by two neighbors and his own statements to the police. Scientific evidence also linked Hale to fingerprints, palm prints, blood stains, and a footprint found at the scene.

After waiving his right to a jury trial, Hale was tried in Dakota County by Judge Robert Carolan. The only defense witness called at trial was Hale who claimed he had gone to the apartment in an intoxicated condition after consuming marijuana, cocaine, Ativan (a prescription tranquilizer), and whiskey. He testified that an argument ensued after Shelton criticized him for using drugs. He claimed she grabbed a knife after he "smacked" her and that he cut his hand while grabbing it from her. He testified that he remembered hitting and "cutting" her but could not remember stabbing her with the fork, breaking a knife blade inside her, hitting her with a coat rack, or strangling her. Hale admitted that he ignored Shelton's request to be taken to a hospital. He claimed he panicked, changed his bloody clothes, and fled with companions who were waiting outside.

The district court found Hale guilty of first-degree murder and two counts of second-degree murder and sentenced him to life imprisonment.

A year later, this court affirmed Hale's conviction. We held that: 1) there was sufficient evidence of premeditation and intent despite Hale's claims of intoxication; 2) the

evidence did not compel the conclusion that Hale acted in the heat of passion; 3) the district court did not err in admitting Hale's statements to the police; and 4) the claims raised in Hale's pro se supplemental brief—ineffective assistance of trial counsel and impropriety of the grand jury proceedings—did not merit comment. *Hale*, 453 N.W.2d at 706–08.

Hale first filed a petition for postconviction relief on May 17, 1991. Proceeding pro se, Hale requested that all aspects of the proceedings be reviewed and asked that counsel be appointed. The first postconviction court held a brief hearing to listen to arguments and then denied Hale's request for counsel. The court also denied the petition, determining that all issues were either raised and decided by this court or known but not raised at the time of Hale's direct appeal.

Hale appealed the first postconviction court's decision to the court of appeals which held that Hale was entitled to counsel for his postconviction proceedings.[1] *Hale v. State*, No. C5–91–1480, 1992 WL 43300, at *1 (Minn.App. Mar.10, 1992). On remand, Hale amended his petition to include a variety of claims of ineffective assistance of trial and appellate counsel (2nd Petition). This 2nd Petition was summarily denied because Hale's claims of ineffective assistance of trial counsel were raised and decided or known at the time of the direct appeal. Hale's claim of ineffective assistance of appellate counsel was denied on the basis that the allegation was too general to warrant an evidentiary hearing.[2]

Four years later, Hale filed another petition for postconviction relief (3rd Petition). In his 3rd Petition, Hale again raised claims of ineffective assistance of trial and appellate counsel. All but one of the specific ineffec-

---

**1.** The court of appeals was interpreting Minn. Stat. § 611.14(b) (1990) which provided that a petitioner in a postconviction proceeding was entitled to representation by the state public defender. *Hale v. State*, No. C5–91–1480, 1992 WL 43300, at *1 (Minn.App. Mar.10, 1992). In 1991, the statute was amended to provide that right only in cases where a postconviction petitioner did not have a direct appeal. *Id.* The court of

appeals held that because Hale filed a motion for appointment of counsel prior to the effective date of the amendment which limited the right, he was entitled to counsel on remand. *Id.*

**2.** Hale had alleged that his appellate counsel failed to communicate with him and had refused to file a petition for postconviction relief.

tive assistance of trial counsel claims set forth in the 3rd Petition were previously raised in Hale's 2nd Petition. The only new claim asserted in Hale's 3rd Petition was that his trial counsel failed to obtain a mental evaluation which would have shown that he had "suffered a temporary mental deficiency induced by drugs and Shelton's aggressive actions, such as cutting [Hale] with a knife before he cut her."

In his 3rd Petition, Hale also reframed the ineffective assistance of appellate counsel issue. Hale based this claim on his appellate counsel's failure to advise him that he might be precluded from raising a claim of ineffective assistance of trial counsel in subsequent proceedings if he raised the issue in his pro se supplemental brief on direct appeal. Hale also claimed his appellate counsel failed to advise him that if he raised the issue, he would not get a postconviction hearing.

The third postconviction court summarily dismissed the 3rd Petition without a hearing. The court concluded that Hale's allegations of ineffective assistance of trial and appellate counsel had either been considered and decided by this court on direct appeal or by a district court on a previous petition for postconviction relief. Hale now appeals.

■ The scope of review of a postconviction proceeding is limited to determining whether there is sufficient evidence to sustain the postconviction court's findings, and a postconviction court's decision will not be disturbed absent an abuse of discretion. *Hodgson v. State*, 540 N.W.2d 515, 517 (Minn.1995). An evidentiary hearing is not required unless there are material facts in dispute which must be resolved to determine the postconviction claim on its merits. *Id.* The petitioner's allegations must be more than argumentative assertions without factual support. *Id.* A petitioner has the burden of establishing, by a fair preponderance of the evidence, facts which warrant a reopening of the case. *Hanley v. State*, 534 N.W.2d 277, 278 (Minn.1995); Minn.Stat. § 590.04, subd. 3 (1996).

■ A postconviction court may summarily deny a second or successive petition for

similar relief made by the same petitioner. Minn.Stat. § 590.04, subd. 3. The petition at issue, the 3rd Petition, was Hale's second request for relief based on claims of ineffective assistance of trial and appellate counsel. Therefore, the postconviction court did not abuse its discretion when it summarily denied Hale's 3rd Petition for postconviction relief.

The postconviction court's summary denial of Hale's 3rd Petition was also justified on other grounds. First, Hale's claims of ineffective assistance of trial counsel were properly denied based on the *Knaffla* rule, which states that once a direct appeal has been taken, any matter raised and any claim known but not raised, will not be considered upon a subsequent petition for postconviction relief. *See Black v. State*, 560 N.W.2d 83, 85 (Minn.1997) (citing *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976)). This *Knaffla* bar includes claims for ineffective assistance of trial counsel. *Id.* Second, Hale's claim of ineffective assistance of appellate counsel was properly denied because it is without merit.

■ We turn first to Hale's ineffective assistance of trial counsel claims and *Knaffla*. Hale first raised this issue in his pro se supplemental brief on direct appeal when he asserted that his trial counsel failed to file motions to challenge the grand jury composition and proceedings, failed to prepare Hale's objections to the admission of his statements, and failed to do an independent investigation. Hale now contends that the fact he raised the issue on direct appeal does not prevent him from raising it again in a postconviction proceeding. We are not persuaded. The cases cited by Hale which appear to support permitting such postconviction review after a direct appeal are cases in which the ineffective assistance of counsel claims were not raised on direct appeal, and this court exercised its discretion to review in the interests of justice. *See Scruggs v. State*, 484 N.W.2d 21, 25 (Minn.1992); *Fox v. State*, 474 N.W.2d 821, 825 (Minn.1991). Here, Hale raised the issue on direct appeal and offers no reasons

that would compel us to review his substantive claims in the interests of justice.

Having dismissed Hale's arguments for excepting him from *Knaffla*, we proceed to an analysis under the *Knaffla* rule. Hale's 3rd Petition outlines a variety of ineffective assistance of trial counsel claims including trial counsel's failure to subpoena a witness, his failure to obtain a mental evaluation of Hale, and his alleged advice to Hale to turn down a plea offer and waive a jury trial because trial counsel could obtain a manslaughter conviction. We have reviewed Hale's assertions and conclude that they were all either raised and decided on direct appeal or known, but not raised. Therefore, Hale's current ineffective assistance of trial counsel claims are barred under *Knaffla*.

We now address the merits of Hale's ineffective assistance of appellate counsel claim. Hale's current claim is that his appellate counsel failed to advise him of the effects of including a claim of ineffective assistance of trial counsel in his pro se supplemental brief on direct appeal. This claim was neither raised nor known at the time of the direct appeal, and it is, therefore, not barred by *Knaffla*.

■ To succeed on a claim of ineffective assistance of counsel, a convicted defendant must prove:

> First * * * that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Fox,* 474 N.W.2d at 826 (quoting *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). There is a strong presumption that a counsel's performance falls within the wide range of reasonable professional assistance. "To be reasonably effective, it is not required that representation by counsel obtain a favorable result, but that counsel provide for the accused the 'guiding hand' the Sixth Amendment envisions in subjecting the prosecution's case to meaningful adversarial testing." *State v. Eling,* 355 N.W.2d 286, 293 (Minn.1984).

■ To warrant a postconviction hearing, a petitioner must "allege facts which would affirmatively prove that his counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Fratzke v. State,* 450 N.W.2d 101, 102 (Minn.1990). This court may dispose of an ineffective assistance of counsel claim when the appellant fails to prove there was a reasonable probability the outcome would have been different. *See Gates v. State,* 398 N.W.2d 558, 563 (Minn.1987). *See also Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069–70 (noting that a court is not required to address both components of the analysis: "If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

■ Hale argues it was the ineffective assistance of his appellate counsel that made him raise his ineffectiveness of trial counsel claims on direct appeal. Hale asserts his appellate counsel did not advise him that if he included such claims in his pro se brief, Hale could be prevented from trying to assert the claims in a postconviction setting. Hale's appellate counsel, however, was not required to present all claims. *Fratzke,* 450 N.W.2d at 102. At the time of the direct appeal, Hale knew all the issues surrounding his ineffective assistance of trial counsel claims. Had Hale's attorney advised him not to raise such claims, and had he followed that advice, Hale still would likely have been barred from doing so in subsequent proceedings. *See Hanley,* 534 N.W.2d at 279 (stating that when defendant fails to raise an

issue known at the time of the direct appeal, defendant waives right to assert the claim in a postconviction proceeding). Hale has failed to offer sufficient evidence to demonstrate either that his appellate counsel acted unreasonably or that the outcome would have been different had Hale been advised in the manner he asserts he should have been.

For the foregoing reasons, we hold that the third postconviction court did not abuse its discretion in denying Hale's postconviction petition without a hearing. Since Hale had filed a previous petition seeking similar relief, the court properly dismissed Hale's claims in summary fashion pursuant to Minn. Stat. § 590.04, subd. 3. Additionally, the court's denial of relief was proper because Hale's claims of ineffective assistance of trial counsel were either raised and decided on direct appeal or known but not raised. Moreover, Hale's claim of ineffective assistance of appellate counsel was without merit.

Finally, we address the state's argument that this court ought to assess costs against Hale's counsel for the state's expenses in responding to this appeal. We find no authority for doing so and decline to exercise our supervisory powers as requested by the state.

Affirmed.