# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-1930

———————

Kenneth E. Murray,                          *
                                            *
            Appellant,                      *
                                            *    Appeal from the United States
      v.                                    *    District Court for the District
                                            *    of Minnesota.
Sheryl Ramstad Hvass,                       *
Commissioner of Corrections,                *
                                            *
            Appellee.                       *

———————

Submitted:  May 14, 2001

Filed:  October 9, 2001

———————

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and BYE, Circuit Judges.

———————

MORRIS SHEPPARD ARNOLD, Circuit Judge.

After the state of Minnesota convicted Kenneth Murray of eleven counts of criminal sexual conduct involving minors, *see* Minn. Stat. § 609.342, he twice sought relief from his conviction through direct appeal. *See State v. Murray*, 1992 WL 333617 (Minn. Ct. App. Nov. 17, 1992), *modified*, 495 N.W.2d 412 (Minn. 1993) (*per curiam*), and *State v. Murray*, 1994 WL 62155 (Minn. Ct. App. Mar. 1, 1994). In his second appeal, Mr. Murray, in a separate *pro se* brief, argued for the first time that his counsel was ineffective at his trial. The Minnesota Court of Appeals, however,

declined to address this claim because it was "not litigated at the trial court level," *Murray*, 1994 WL 62155 at *2, and was therefore not subject to review on appeal.

Mr. Murray subsequently petitioned the federal district court for habeas corpus relief, again maintaining that he did not receive effective representation from his trial counsel. The district court declined to consider this claim, however, because it found that Mr. Murray had not yet exhausted all of his opportunities for obtaining relief from the Minnesota courts. *See Murray v. Wood*, 107 F.3d 629, 631-32 (8th Cir. 1997). A panel of this court agreed, concluding that Mr. Murray should argue the issue of ineffective assistance of counsel in his state post-conviction petition for relief. *See id.* at 632.

Mr. Murray returned to the Minnesota courts and moved for post-conviction relief, on the ground of the ineffectiveness of his trial counsel. *See Murray v. State*, 1998 WL 747175 at *1-*2 (Minn. Ct. App. Oct. 27, 1998). The Minnesota courts rejected the claim, holding that it was procedurally barred because Mr. Murray did not raise it in his first direct appeal. *See id.* at *3. Mr. Murray then returned to federal court and petitioned a second time for habeas corpus relief. The district court, adopting a magistrate judge's detailed report and recommendations, determined that habeas relief was unavailable to Mr. Murray because the state courts had held that his claim was procedurally defaulted. We agree and affirm the judgment of the district court.[1]

I.

In evaluating a petition for federal habeas corpus relief, a district court is precluded from considering any issue that a state court has already resolved on an independent and adequate state ground. *See Lee v. Kemna*, 213 F.3d 1037, 1038 (8th Cir. 2000) (*per curiam*), *cert. granted*, 121 S. Ct. 1186 (2001). This includes cases in

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

which the state judgment turns on an independent and adequate state *procedural* ground, such as when a state court has determined that a claim has been lost because of default. *See Coleman v. Thompson*, 501 U.S. 722, 729-30, 750 (1991); *see also Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (*en banc*), *cert. denied*, 517 U.S. 1215 (1996). This rule is nearly absolute, allowing exceptions only when a habeas petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," *Coleman*, 501 U.S. at 750, or when the petitioner can show actual innocence, *see Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see also Schlup v. Delo*, 513 U.S. 298, 326-27 (1995).

In this case, the Minnesota courts determined, in evaluating Mr. Murray's request for post-conviction relief, that he was procedurally barred from arguing that he received ineffective assistance from counsel at trial because he did not raise the issue during his first direct appeal. *See Murray*, 1998 WL 747175 at *3. "Under Minnesota caselaw, all matters raised on direct appeal from a conviction, and all claims known but not raised, are precluded from being considered on a subsequent petition for postconviction relief," *id.* This includes, absent exceptional circumstances not present here, claims that trial counsel was ineffective. *See id.*

Mr. Murray contends that it was error for the Minnesota courts to refuse to consider his ineffective assistance argument because a panel of this court, in resolving his first habeas corpus petition, suggested that he might be able to obtain relief in state post-conviction proceedings. That panel said that "[b]ecause Minnesota courts will 'consider[] ineffective-assistance claims in postconviction proceedings even though [the] petitioner did not raise the claims on direct appeal,' ... we conclude that Murray has not exhausted his state remedies with respect to that claim," *Murray*, 107 F.3d at 632, quoting *Scruggs v. State*, 484 N.W.2d 21, 25 (Minn. 1992). Mr. Murray now maintains that this statement by our court created a directive that the Minnesota courts were obligated to follow. We disagree.

We reject Mr. Murray's contention because our court's previous conclusion, as we read it, cannot be understood as issuing an order to the Minnesota courts. At most, our court, in addressing Mr. Murray's first habeas petition, determined that his claim was not eligible at that time for federal review because he might yet find relief from the Minnesota courts. The court did not purport to guarantee Mr. Murray that he would have his claim heard on the merits by the state court. Indeed, our court would never undertake to do that, because it is not the province of a federal court to decide whether a matter ought to be considered procedurally defaulted under state law. *See Wainwright v. Sykes,* 433 U.S. 72, 87, 90 (1977); *see also May v. State of Iowa*, 2001 WL 515053 at *3 (8th Cir. May 16, 2001).

Mr. Murray also maintains that his ineffective assistance argument deserves federal review because the Minnesota courts, in holding that his claim was procedurally defaulted, applied a rule that they have not consistently followed. He points out, for example, that, as we have already noted, the Minnesota Supreme Court declared in *Scruggs*, 484 N.W.2d at 25, that "a direct appeal is not the most appropriate way to raise an ineffective-assistance claim." The *Scruggs* court also noted that Minnesota courts have previously "considered ineffective-assistance claims in postconviction proceedings even though [a] petitioner did not raise the claims on direct appeal," *id*.; *see also Berg v. State*, 557 N.W.2d 593, 595 n.2, 595-96 (Minn. Ct. App. 1996).

It is true that a federal court is not barred from reviewing a state judgment on a petition for habeas corpus if that judgment is based on a state rule that is inconsistently followed. *See Ford v. Georgia*, 498 U.S. 411, 424-25 (1991). But the general rule in Minnesota, as we have said, is that "where [a] direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief," *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). This rule has been consistently followed by Minnesota courts for more than twenty years. *See, e.g.*, *Townsend v. State*, 582 N.W.2d 225, 227-29 (Minn.

1998); *Fox v. State*, 474 N.W.2d 821, 824-25 (Minn. 1991); and *Case v. State*, 364 N.W.2d 797, 799 (Minn. 1985).

After a careful review of the cases that Mr. Murray cites as examples of when the Minnesota rule has not been consistently followed by the courts of that state, we conclude that those cases, in the end, do not support his contention. Under Minnesota law, a procedural default can be overlooked "[i]n limited situations, if fairness so requires and if the petitioner did not 'deliberately and inexcusably' fail to raise the issue on direct appeal," *Roby v. State*, 531 N.W.2d 482, 484 (Minn. 1995), quoting *Bangert v. State*, 282 N.W.2d 540, 545 (Minn. 1979); *see also Townsend*, 582 N.W.2d at 228. After *Scruggs*, the Minnesota Supreme Court, in *Hale v. State*, 566 N.W.2d 923, 926 (Minn. 1997), explained that the *Scruggs* court had simply "exercised its discretion to review in the interests of justice." In this case, the Minnesota courts evidently concluded that the interests of justice did not warrant excusing Mr. Murray's procedural default, and this determination is entitled to respect by our court.

Because "[a] federal court conducting habeas corpus review must ordinarily refrain from reviewing any issue that a state court has already found to be defaulted on an adequate and independent state-law basis," *Owsley v. Bowersox*, 234 F.3d 1055, 1058 (8th Cir. 2000), and because Mr. Murray has not alleged cause and prejudice for his default or that he is actually innocent, we decline to consider the merits of his argument with respect to ineffective assistance of counsel.

We therefore affirm the judgment of the district court.

BYE, Circuit Judge, concurring in the judgment.

Judge Bright argues persuasively in dissent that Minnesota courts have spoken inconsistently in explaining when a defendant may raise an ineffective assistance of counsel claim. I do not believe that Minnesota appellate decisions on this topic are

wildly divergent, and I find that these decisions can, for the most part, be reconciled. I nevertheless share Judge Bright's concern that Minnesota courts have not spoken with the clarity demanded by judges, lawyers and *pro se* prisoners alike.

If we excuse Kenneth Murray's default because it springs from an inconsistent application of state procedural rules, see Ford v. Georgia, 498 U.S. 411, 423-25 (1991), we must consider the merits of his three ineffective assistance of counsel claims. I would affirm the district court's denial of a writ of habeas corpus because Murray has failed to demonstrate that his trial lawyer's alleged errors "undermine confidence in the outcome," Strickland v. Washington, 466 U.S. 668, 694 (1984), or that his claims demand an evidentiary hearing.

BRIGHT, Circuit Judge, dissenting.

I respectfully dissent.

I quote language from an important Eighth Circuit case, which is appropriate to the instant case:

> The history of this case illustrates not only the foolishness and inefficiency, but more importantly the injustice which results when courts rigidly apply procedural rules in post-conviction proceedings without regard to the function and importance of the writ.

Ashby v. Wyrick, 693 F.2d 789, 794 (8th Cir. 1982) (Lay, Chief Judge, concurring).

Mr. Murray contends that his ineffective assistance of trial counsel claim deserves federal review because the Minnesota courts applied procedural default rules that are not consistently followed. See Ford v. Georgia, 498 U.S. 411, 424-25 (1991) (recognizing that state procedural default rules must be firmly established, regularly

followed, and readily ascertainable in order to be considered adequate to bar federal review).

The decisions of the Minnesota courts do not rest on an adequate state law ground and, therefore, Mr. Murray was denied a fair opportunity to seek relief in state court. See White v. Bowersox, 206 F.3d 776, 780 (8th Cir. 2000) ("The underlying principle is 'that failure to follow state procedures will warrant withdrawal of a federal remedy only if those procedures provided the habeas petitioner with a fair opportunity to seek relief in state court.'") (quoting Easter v. Endell, 37 F.3d 1343, 1347 (8th Cir. 1994)). The procedural rule that barred Mr. Murray's claims was neither regularly followed nor readily ascertainable.

I.

To understand the hurdles facing Mr. Murray for post-conviction relief and to appreciate the importance of consistency in the Minnesota procedural default rules, it is necessary to review the winding path of Mr. Murray's efforts to bring an ineffective assistance of counsel claim.[2]

Mr. Murray was convicted by the Minnesota district court, sitting without a jury, on August, 27, 1991. An appointed public defender brought Mr. Murray's first direct appeal.[3] On that appeal, he obtained relief from both the Minnesota Court of Appeals,

_____

[2]This recitation of procedural history will focus on the ineffectiveness of counsel claim even though Mr. Murray raised numerous other claims on state direct and post-conviction appeals and on federal habeas review.

[3]Mr. Murray has repeatedly asserted, and presented a letter from counsel stating that on his first direct appeal, appellate counsel advised him that he need not submit a *pro se* supplemental brief raising issues, such as his ineffectiveness claim, because he could raise and preserve those issues at resentencing. Cf. Townsend v. State, 582

State v. Murray, No. C7-92-468, 1992 WL 333617, at *4, slip. op. at 9 (Minn. Ct. App. Nov. 10, 1992) (unpublished), and the Minnesota Supreme Court, State v. Murray, 495 N.W.2d 412, 412-13 (Minn. 1993), on the grounds that there existed insufficient evidence to support his conviction and that he had been sentenced under an *ex post facto* application of law.[4]  On remand, Mr. Murray waived his right to representation and represented himself.  At the resentencing hearing, Mr. Murray alleged *inter alia* that he had received ineffective assistance of counsel at trial.  The trial judge informed Mr. Murray his ineffectiveness claim was properly raised in a state post-conviction proceeding, rather than on a resentencing from a direct appeal.[5] See Exh. d, Addendum, Report and Recommendation, Mar. 27, 1995, at 5.

On what is styled as his second direct appeal,[6] Mr. Murray was again represented by appointed counsel.  Over Mr. Murray's objections, counsel chose not to include Mr. Murray's ineffectiveness claims, and so Mr. Murray filed a supplementary *pro se* brief.  The trial court rejected all of Mr. Murray's claims for

N.W.2d 225 (Minn. 1998) (finding procedural default where appellate counsel explicitly informed petitioner that he *could* present issues in a *pro se* supplemental brief, but he missed the filing deadline) (emphasis added).

[4]Because Mr. Murray is currently bringing an ineffectiveness claim, it should be noted that Mr. Murray's trial counsel failed to notice that Mr. Murray was illegally sentenced under a statute that was enacted after Mr. Murray committed the majority of his offenses.  The Minnesota Supreme Court described this as counsel's "inexcusable failure to object" to the applicability of the statute.  Murray, 495 N.W.2d at 413.

[5]The confusion in Minnesota courts regarding when to bring ineffectiveness claims is revealed by the fact that the state trial judge at resentencing pondered the possibility of treating a portion of the resentencing hearing as a post-conviction hearing in order to allow Mr. Murray to argue all his claims.

[6]None of the courts to consider Mr. Murray's various appeals has explained why bringing a claim on "second" direct appeal is not sufficient to exhaust his state remedies.

relief, including the claims raised in his *pro se* brief. The Minnesota Court of Appeals affirmed the trial court and stated that the issues raised in Mr. Murray's *pro se* brief "were raised and decided on the first appeal or were not litigated at the trial court level and will not be decided on appeal." State v. Murray, No. C1-93-1626, 1994 WL 62155, at *2, slip op. at 5 (Minn. Ct. App. Mar. 1, 1994) (unpublished). The court did not discuss whether Mr. Murray could present any of these issues in a state post-conviction proceeding. On April 19, 1994, the Minnesota Supreme Court denied further review without comment.

Mr. Murray next sought a writ of habeas corpus in federal court. In its order, the district court determined that Mr. Murray had not exhausted all viable state avenues for alleging ineffective assistance of counsel because Mr. Murray could still raise the issue in a state post-conviction proceeding.[7] This court granted review and addressed Mr. Murray's ineffective assistance of counsel claim:

> [W]e note that Minnesota courts have consistently held that "a direct appeal from a judgment of conviction is not the most appropriate way to raise a claim of ineffective assistance of *trial* counsel because the reviewing court does not have the benefit of all the facts concerning why defense counsel did or did not do certain things."

---

[7]Specifically, the Report and Recommendation informed Mr. Murray:

> Minnesota courts have recognized that an ineffective assistance of counsel claim cannot be effectively raised on direct appeal and is properly raised in a post-conviction proceeding under Minn. Stat. 590.01-.06. Harris v. State, 470 N.W.2d 167, 169 (Minn. Ct. App. 1991); Garasha v. State, 393 N.W.2d 20, 22 (Minn. Ct. App. 1986).

Exh. d, Addendum, Report and Recommendation, Mar. 27, 1995, at 8.

Murray v. Wood, 107 F.3d 629, 631-32 (8th Cir. 1997) (emphasis in original) (citing Roby v, State, 531 N.W.2d 482, 484 n.1 (Minn. 1995) and Berg v. State, 557 N.W.2d 593 (Minn. Ct. App. 1996)).

Amidst this uncertainty regarding Minnesota procedure, Mr. Murray filed a post-conviction appeal with the Minnesota courts only to be denied once again. Murray v. State, 1998 WL 747175 (Minn. Ct. App. Oct. 27, 1998)(unpublished), *review denied*, (Minn. Jan. 21, 1999).

On his second petition for federal habeas corpus relief, the district court adopted the magistrate judge's report and recommendations determining that habeas relief was unavailable because Mr. Murray had procedurally defaulted his claim at the state level.

This court granted a certificate of appealability on substantive issues relating to ineffective assistance of counsel, not on the issue of whether there had been a procedural waiver or whether Minnesota courts apply their procedural default rules inconsistently. Therefore, the issue upon which this court resolves the Murray case was not thoroughly briefed or argued. See Harris v. Bowersox, 184 F.3d 744, 748 (8th Cir. 1999) (limiting appellate review to the issues specified in the certificate of appealability). Mr. Murray briefed these issues and believed that his claims were finally going to be heard on the merits. To the contrary, the opinion by this panel now forecloses any possibility that Mr. Murray's claims will ever be heard.

Eight years after first raising this issue, Mr. Murray still has never received an evidentiary hearing on his claims. Even more troubling, he and other Minnesota petitioners have been left without an accurate or clear understanding of what procedures should be followed in order to avoid defaulting their ineffectiveness claims.

II.

Mr. Murray's procedural morass could have been avoided if the Minnesota law on when to raise ineffectiveness of trial counsel claims had been clearly stated by law or court decision. Now the federal courts have only muddied the waters with two opinions that themselves are inconsistent in their interpretation of Minnesota procedural default of ineffectiveness claims.

In 1997, a panel of this court found that Minnesota courts have "*consistently*" held that a direct appeal from a judgment of conviction is not the most appropriate way to raise a claim of ineffective assistance of trial counsel. Murray v. Wood, 107 F.3d at 631 (emphasis added). Today, the current panel declares that the Minnesota courts have "*consistently*" followed a rule that bars post-conviction consideration of matters raised or known at the time of direct appeal. Slip op. at 4 (citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976)).

The majority fails to appreciate that while the Knaffla rule has been applied to various post-conviction matters for over twenty years, its specific application to claims of ineffective assistance of trial counsel has been far from consistent. Just consider the three cases offered by the panel to support its consistency claims. In Townsend v. State, 582 N.W.2d 225 (Minn. 1998), no evidentiary hearing was ever held on Townsend's ineffectiveness claims because the Minnesota Supreme Court could point to specific evidence that petitioner and counsel were aware of the claims at the time of direct appeal. In Fox v. State, 474 N.W.2d 821 (Minn. 1991), the Minnesota Supreme Court on post-conviction appeal reviewed the merits of Fox's ineffectiveness claims even though the petitioner was aware of the claim at the time of direct appeal and failed to raise it. Finally, in Case v. State, 364 N.W.2d 797 (Minn. 1985), the post-conviction trial court held an evidentiary hearing and denied each issue on its merits, then, on appeal, the Minnesota Court of Appeals decided there was a procedural bar and the trial court had erred in considering the merits. Ultimately, the Minnesota Supreme

-11-

Court did not resolve whether the trial court had erred, but rather reviewed the record, including the trial court's findings on the merits, and denied the ineffectiveness claim.

Several of the inconsistencies in Minnesota procedural default rules are evidenced in Murray v. State, 1998 WL 747175. In its analysis, the Minnesota Court of Appeals first laid out an exception to the Knaffla rule that allows ineffectiveness claims to be heard if the claim is such that the reviewing court would have required additional facts before determining competency of counsel. 1998 WL 747175, at *3 (citing Black v. State, 560 N.W.2d 83, 85 n.1 (Minn. 1997) ("An exception exists, however, when the claim is such that the reviewing court needs additional facts to explain the attorney's decisions.")). But then the court declared Mr. Murray's claim defaulted with this *non sequitur*: "Since Murray did not present such evidence, the post-conviction court did not err in concluding that Murray's claims for ineffective assistance of counsel were procedurally barred because these claims were known or should have been known to him at the time of his first appeal." Id., at *3.

A determination that Mr. Murray did not present a claim that required additional fact-finding[8] does not support the lower court's finding that Mr. Murray knew about the ineffectiveness claim, but failed to raise it. The court offers no facts to support its

_____

[8]This determination by the Minnesota Court of Appeals is rightfully challenged by Mr. Murray. Just like the state appeals court in 1994, the court of appeals chose not to consider the Black exception within the context of any of Mr. Murray's factual allegations. State v. Murray, 1994 WL 62155, at *2 (Minn. Ct. App. Mar. 1, 1994); 1998 WL 747175, at *3. However, the exception for gathering additional facts is especially important in this case because Mr. Murray alleges that his attorney did not know applicable law, did not use the relevant law to formulate cross-examination strategy or to attack the legal basis of the complaint, and did not request *in camera* review of documents typically desired by defense counsel in child sexual assault cases. Each of these allegations of ineffectiveness requires additional facts such as whether the attorney had studied certain cases, or made strategic decisions not to pursue particular courses of action, etc.

conclusion that Mr. Murray knew about the ineffectiveness claim. Moreover, the court formulates the test as being whether "the claims were known or *should have been known*" at the time of the first appeal. Id. (emphasis added). This formulation of the rule is inconsistent with Knaffla and subsequent ineffectiveness claim cases. Knaffla, 243 N.W.2d at 741 ("[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for post-conviction relief."). After reviewing numerous Minnesota procedural default cases, only two even mention a "should have known" inquiry, and neither involved an ineffectiveness claim. See Black, 560 N.W.2d at 85 (defendant knew or should have known about prosecutorial misconduct), and Hanley v. State, 534 N.W.2d 277, 279 (Minn. 1995) (defendant knew or should have known about purported perjured testimony).

Federal law on this issue has expressed a clear preference for ineffectiveness claims to be raised on post-conviction appeal, rather than on direct appeal, precisely because lay petitioners will not know if they have ineffectiveness claims. As the Supreme Court explained in Kimmelman v. Morrison:

> Because collateral review will frequently be the only means through which an accused can effectuate the right to counsel, restricting the litigation of some Sixth Amendment claims to trial and direct review would seriously interfere with an accused's right to effective representation. A layman will ordinarily be unable to recognize counsel's errors and to evaluate counsel's professional performance, consequently a criminal defendant will rarely know that he has not been represented competently until after trial or appeal, usually when he consults another lawyer about his case.

477 U.S. 365, 378 (1986) (citations omitted).

-13-

My research has uncovered no Minnesota appellate decisions that cite to Kimmelman or its reasoning. This indicates that Minnesota courts have not identified a key justification for bringing ineffectiveness of trial counsel claims on post-conviction rather than on direct appeal: the opportunity to have another attorney examine the record.

Another inconsistency presented by Murray, 1998 WL 747175, involves excusing the default in the interests of justice. This majority declares that the Minnesota courts "evidently concluded that the interests of justice did not warrant excusing Mr. Murray's procedural default," slip op. at 5, but there is no mention of the interests-of-justice exception, considerations of fairness, or any application of the "deliberately and inexcusably" language in the 1998 unpublished opinion. The Minnesota Court of Appeals relied solely on its novel "knew or should have known" theory to dismiss Mr. Murray's claims.

Furthermore, the decision of this court downplays the importance of the interests-of-justice exception by implying it was limited in Hale v. State, 566 N.W.2d 923, 926 (Minn. 1997), even though that case involved a situation where the petitioner actually did raise his ineffectiveness claims on appeal and thus clearly fell under the terms of Knaffla. The majority also fails to note additional language from Bangert v. State: "Because we believe that except in unusual circumstances a decision on the merits better serves the purposes of our post-conviction-remedies statute than a disposition on procedural grounds, we will address the claim." 282 N.W.2d 540, 545 (Minn. 1979). Nor does it reveal the reasoning from Fox in which the "deliberately and inexcusably" language is explained as an "*extra requirement allow[ing] substantive review* of a petitioner's claims whose legal basis may have been either 'known' or 'reasonably available' at the time of direct appeal." Fox, 474 N.W.2d at 825 (emphasis added).

Reviewing Minnesota cases that address procedural default of ineffective assistance of trial counsel claims, the only thing that is clear is that this body of law is in desperate need of reconsideration. Mr. Murray's claims did not receive the review they deserved, despite his best efforts to bring them to light. After examining the record no one could argue that Mr. Murray deliberately failed to raise this issue.

III.

I would reverse the district court and hold that there is no procedural default because there is no adequate and independent state law ground barring federal habeas review. I would remand this action for an evidentiary hearing on Mr. Murray's claim of ineffective assistance of trial counsel.

Even though the unpublished opinion of the Minnesota Court of Appeals is not precedent, nonetheless it forecloses this petitioner from any opportunity to establish his claims of ineffective assistance of trial counsel. If Minnesota courts continue to refuse post-conviction remedies without adequate procedures, as in this case, then the Great Writ of Habeas Corpus stands as a remedy.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.