# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2013

_____

Riley Dobi Noel,              *
                                   *

        Appellant,       *

                                   *   Appeal from the United States
     v.                      *   District Court for the Eastern
                                   *   District of Arkansas.
Larry Norris, Director,    *
Arkansas Department of Correction,  *

                                   *

        Appellee.        *

_____

Submitted: December 9, 2002

Filed:  March 6, 2003

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

     Riley Noel was convicted of three counts of capital murder and was sentenced to death. After unsuccessfully attempting to overturn his convictions and sentences in the Arkansas state courts, Mr. Noel petitioned for habeas corpus relief. *See* 28 U.S.C. § 2254. The district court[1] denied the petition and granted a certificate of appealability on four of Mr. Noel's claims. We affirm.

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

I.

Mr. Noel first claims that defense counsel was ineffective at trial for asking Mr. Noel on direct examination whether counsel had advised him to exercise his fifth amendment right to remain silent, a question that Mr. Noel answered in the affirmative. This exchange, Mr. Noel's argument goes, effectively destroyed any credibility that he might have had with the jury. The Arkansas Supreme Court rejected this claim on the ground that the exchange was designed to impress the jury with petitioner's sincerity, a finding that was supported by counsel's post-conviction hearing testimony and by counsel's remarks during closing argument. *See Noel v. State*, 342 Ark. 35, 40-42, 26 S.W.3d 123, 127 (2000). Because the state court adjudicated this claim on the merits, we may grant the writ only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In order to prevail on a claim of ineffective assistance, a petitioner must show that counsel acted unreasonably. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). In determining whether an attorney has acted reasonably, the *Strickland* court stated that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id*. (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). The Arkansas Supreme Court correctly identified the applicable legal standard and then concluded that the question by Noel's counsel was part of a professionally reasonable strategy. Far from being "contrary to, or ... an unreasonable application of" *Strickland*, it seems to us that the state court evaluated the claim exactly as *Strickland* requires, and, moreover, came to the correct result: The trial strategy that counsel pursued was not professionally unreasonable. Our conclusion finds strong support in the fact that Mr. Noel could not identify, nor could

we find, a single case where counsel, under similar facts, was found to be ineffective. We therefore reject this claim.

## II.

Mr. Noel next contends that he is entitled to relief because of the Arkansas Supreme Court's failure on direct appeal to conduct an automatic review of the entire record – as opposed to the abstracted record – for prejudicial error, as required by that court's own decision in *State v. Robbins*, 339 Ark. 379, 386, 5 S.W.3d 51, 55 (1999).

Mr. Noel evidently advances two separate arguments for applying *Robbins* retroactively to his case. First, he argues that the kind of review demanded by the *Robbins* opinion is "required by the Constitution." Mr. Noel cites many cases that taken together can reasonably be understood as standing for the proposition that a defendant convicted of the death penalty has a constitutional right to an opportunity for "meaningful appellate review," *see, e.g., Pulley v. Harris*, 465 U.S. 37, 45 (1984); *Gregg v. Georgia*, 428 U.S. 153, 195 (1976), but these cases do not go so far as to establish that defendants sentenced to death must receive an automatic review of the entire record of their trial proceedings, *see Robbins*, 339 Ark. at 386, 5 S.W.3d at 55.

Mr. Noel's secondary argument is that Arkansas law requires that *Robbins* be applied retroactively to his case. This appears to us to be an incorrect statement of the applicable Arkansas law, but even if we accepted his argument it would not benefit Mr. Noel because "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

## III.

Mr. Noel raises a claim based on what he calls newly discovered evidence that he suffers from brain abnormalities. He argues that a new diagnostic tool commonly referred to as a "SPECT scan" now permits the medical community to diagnose brain abnormalities in a way that was not possible at the time of his trial. A preliminary

SPECT scan conducted nearly five years after Mr. Noel's sentencing indicated that he might be suffering from such brain abnormalities. Further SPECT scans would be necessary, however, before the precise nature of his brain abnormalities could be determined, and the district court refused to authorize these before proceeding to judgment on the habeas petition. Mr. Noel contends that he is entitled to pursue additional testing and that the "newly discovered evidence" resulting from those tests would constitute mitigating evidence that would likely have led a jury to sentence him to a term of imprisonment rather than death.

At the outset, we note that the medical evidence that Mr. Noel now possesses is not substantially better than the evidence of brain abnormality that he produced at the sentencing phase of his trial. But even if Mr. Noel currently had substantial evidence that he had a brain abnormality, his claim would necessarily fail whatever the nature of that abnormality. In order to obtain habeas relief, a prisoner must show that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Despite our best efforts, we cannot discern how the mere unavailability of a particular medical technology at the time of sentencing could violate Mr. Noel's rights under either the Constitution or federal law. It is important to bear in mind, moreover, that there is no constitutional right to resentencing based on newly discovered evidence.

In this case, there is no contention that the state prevented Mr. Noel from undergoing medical testing or otherwise suppressed relevant mitigating evidence. *Cf. Brady v. Maryland*, 373 U.S. 83, 87 (1963). Nor does Mr. Noel argue that his failure to undergo the new medical testing was due to the ineffectiveness of his counsel. *Cf. Strickland*, 466 U.S. at 685-86. The closest that Mr. Noel comes to proffering a legitimate ground for relief on this claim is his citation to Supreme Court cases that establish a defendant's right, under the eighth amendment, to present any and all mitigating evidence to the sentencer. *See, e.g., Hitchcock v. Dugger*, 481 U.S. 393 (1987); *Eddings v. Oklahoma*, 455 U.S. 104 (1982); *Lockett v. Ohio*, 438 U.S. 586,

-4-

604-05 (1978).  But *Lockett* and its progeny merely require that state courts permit a defendant to introduce any relevant mitigating evidence that is available at the time that the defendant is sentenced, and Mr. Noel does not assert that he was prohibited from presenting any evidence in this case.  None of these cases stands for the proposition that the Constitution entitles a defendant to sentencing anew whenever additional mitigating evidence is found.

We think, moreover, that Mr. Noel's argument that the "cause and prejudice" standard is somehow applicable to this claim misses the mark.  A showing of cause and prejudice by a habeas petitioner merely disposes of procedural barriers so that a court may address the merits of an alleged constitutional violation that was defaulted. *See Murray v. Hvass*, 269 F.3d 896, 898 (8th Cir. 2001), *cert. denied*, 535 U.S. 935 (2002).  Since Mr. Noel does not assert that he has a defaulted claim that he wishes to raise, cause and prejudice are beside the point.

It is true that in *Herrera v. Collins*, 506 U.S. 390, 417 (1993), the Supreme Court left open the possibility that "a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional."  The threshold for showing an entitlement to relief on that basis, however, "would necessarily be extraordinarily high," *id.*, and we do not believe that Mr. Noel can take advantage of the narrow possibility that *Herrera* left open.

The petitioner in *Herrera* claimed that he was actually innocent of the crime for which he was convicted, but Mr. Noel contests only the appropriateness of his death sentence.  Given the reluctance of the Supreme Court to extend relief to defendants who might prove their "actual innocence," and its observation that "[c]laims of actual innocence pose less of a threat to scarce judicial resources and to principles of finality and comity than do claims that focus solely on the erroneous imposition of the death penalty," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), we do not

think that *Herrera* offers anything to defendants advancing freestanding claims of newly discovered mitigating evidence. *Cf. Sawyer v. Whitley*, 505 U.S. 333, 347-48.

The evidence that Mr. Noel believes that he could produce through further SPECT analysis and an evidentiary hearing certainly could have been weighed by the jury if it had been offered at trial, but whatever in fact it might have turned out to be would necessarily be insufficient, absent some constitutional defect in the trial, to support a claim for habeas corpus relief. Since additional evidence could not have supported his habeas corpus claim, the district court did not abuse its discretion by cutting off Mr. Noel's discovery. Mr. Noel's claim for relief on this ground must therefore fail.

IV.

At the penalty phase of Mr. Noel's trial, Mary Hussain testified to the impact that the deaths of her children had had on her life and on her family's life. Ms. Hussain has attested that at the time she testified she was in favor of the death penalty for Mr. Noel. Ms. Hussain now says that she has had a change of heart about the death penalty and is willing to testify that she would rather see Mr. Noel serve a life sentence. Mr. Noel claims that he is entitled to habeas relief on the basis of the "recantation" of Ms. Hussain's testimony.

Mr. Noel contends that the proper standard by which to adjudge this claim is to determine whether the newly discovered evidence "would probably produce an acquittal on retrial," citing *Mastrian v. McManus*, 554 F.2d 813, 823 (8th Cir. 1977), *cert. denied*, 433 U.S. 913 (1977). We have recognized, however, that this standard is not appropriate in light of the Supreme Court's decision in *Herrera*. *See Cornell v. Nix*, 119 F.3d 1329, 1331-32 (8th Cir. 1997). Even if the *Mastrian* standard were still available to Mr. Noel, which it is not, we could not fairly characterize Ms. Hussain's changed view of the death penalty as a "recantation": Ms. Hussain did not testify at Mr. Noel's trial as to what she felt the proper sentence for Mr. Noel

should be, nor would it have been proper for her to do so according to a recent opinion by the Arkansas Supreme Court. *See Greene v. State*, 343 Ark. 526, 37 S.W.3d 579, 584 (Ark. 2001), *cert. denied*, 534 U.S. 858 (2001). That court explained that an "individual's personal opinion of how the sentencing jury should acquit its responsibility, even though supported by reasons, relates to neither the character or record of the defendant nor to the circumstances of the offense." *Id.* (citation and internal quotation omitted). Her current preference as to Mr. Noel's sentence is equally irrelevant. In contrast, Ms. Hussain's testimony concerning the devastating effect of losing her children was relevant to the sentencing process, and Ms. Hussain has not in any way cast doubt on that testimony. This last claim therefore must fail.

V.

For the reasons indicated, we affirm the district court's denial of Mr. Noel's petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-