**Otha Eric TOWNSEND, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A06–45.

Supreme Court of Minnesota.

Oct. 26, 2006.

Mike Hatch, Attorney General, Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant Ramsey County Attorney, St. Paul, MN, For Respondent.

Otha Eric Townsend, Bayport, MN, pro se.

## OPINION

HANSON, Justice.

Appellant Otha Eric Townsend appeals from the district court's denial of his third petition for postconviction relief without an evidentiary hearing. Townsend was convicted of first-degree murder in 1994, and we affirmed his conviction on direct appeal. We subsequently affirmed the denial of his two earlier petitions for postconviction relief. The district court denied Townsend's third petition without an evidentiary hearing because claims raised were known or should have been known at the time of an earlier appeal and are therefore barred. We affirm.

On September 29, 1994, a jury found Townsend guilty of first-degree murder, and he was sentenced to life in prison. Townsend subsequently pleaded guilty to an attempted second-degree murder charge stemming from an assault that took place on the same night as the murder, and Townsend was sentenced to an additional 72 months in prison, to be served consecutively to his life sentence. Our decisions addressing Townsend's earlier appeals relate the details of these crimes. See Townsend v. State, 646 N.W.2d 218, 220 (Minn.2002) ("Townsend III "); Townsend v. State, 582 N.W.2d 225, 229 (Minn. 1998) ("Townsend II "); State v. Townsend, 546 N.W.2d 292, 294–95 (Minn.1996) ("Townsend I ").

In ruling on the direct appeal of the murder conviction, this court addressed only the issue of whether "evidence related to the [attempted murder] * * * was erroneously admitted and that it so prejudiced the jury that [Townsend] was denied a fair trial." Townsend I, 546 N.W.2d at 295. We affirmed the conviction, holding "that although there was error in the admission of some of the evidence of [the] attempted murder, that error was harmless beyond a reasonable doubt." Id. at 297. We denied Townsend's petition for rehearing.

Townsend petitioned for postconviction relief. His claims included ineffective assistance of trial counsel and counsel on his direct appeal, violation of his right to counsel, "tainted grand juror(s)," and prosecutorial misconduct. In addition, Townsend alleged that his right to due process was violated when the trial court failed to rule on pending motions, rushed the case to resolution, denied Townsend a continuance to test certain physical evidence, and committed a large assortment of additional errors. The postconviction court denied Townsend's petition without an evidentiary hearing, and Townsend appealed. Re-

garding the ineffective assistance of appellate counsel claim, we affirmed on the grounds that Townsend failed to allege facts that, if proven, would entitle him to relief. *Townsend II,* 582 N.W.2d at 229. Moreover, after independently reviewing the record, we found "no indication that appellate counsel's assistance fell below an objective level of reasonableness." *Id.* We affirmed the dismissal of Townsend's other claims, holding that they were barred by Townsend's failure to raise those issues on direct appeal, that this failure was inexcusable, and that justice did not require additional review. *Id.* at 228–29.

After *Townsend II,* this court, in *State v. Juarez,* acknowledged that it had occasionally "misstated the significance of the strength of the evidence of guilt in harmless error analysis" and singled out the opinion in *Townsend I* as containing an example of such a misstatement. 572 N.W.2d 286, 291 n. 6 (Minn.1997); *see also Townsend III,* 646 N.W.2d at 219. In response, Townsend filed a petition for a writ of habeas corpus, which was ultimately treated as a second petition for postconviction relief. *Id.* Townsend requested application of the proper harmless error standard to evidentiary errors at trial and asserted that a new trial was necessary. *Id.* The postconviction court denied the petition, determining that the decision on direct appeal included all the elements of the proper harmless error impact test. *Id.* On appeal, we applied the proper harmless error standard and affirmed, holding that "the verdict was surely unattributable to the erroneously admitted evidence" and that it was not an abuse of discretion for the district court to refuse to order a new trial. *Id.* at 224.

On July 26, 2005, Townsend filed the current petition for postconviction relief. As an initial matter, Townsend makes two arguments as to why his claims should not be barred by his failure to raise them in earlier appeals. First, Townsend contends that this court may take notice of plain error affecting substantial rights even when those errors were not previously raised. Second, Townsend asserts that he has not had an adequate opportunity to seek a remedy for the claimed violations of his constitutional and statutory rights. Specifically, Townsend argues that his appellate counsel on direct appeal intentionally failed to file a motion to withdraw and that, although Townsend signed a waiver that he wished to proceed pro se, this failure to file a motion to withdraw rendered the proceedings on direct appeal inadequate. As additional support, Townsend cites to a dissenting opinion in the Eighth Circuit decision in *Murray v. Hvass,* 269 F.3d 896, 903 (8th Cir.2001) (Bright, J., dissenting), that suggests that our procedural approach to ineffective assistance of trial counsel claims has been inconsistent. The dissenting opinion intimates that Townsend's ineffective assistance of trial counsel claims—not raised in the current appeal—were improperly denied without a hearing in *Townsend II.*[1] *See Murray,* 269 F.3d at 903. Townsend argues that barring his claims under these circumstances denies him access to the corrective process to which he is entitled.

Townsend's current petition for postconviction relief makes five substantive claims: (1) that the trial court improperly failed to rule on a motion to dismiss the indictment; (2) that the indictment did not adequately inform him of the charges against him or, alternatively, that the doc-

---

1. Subsequent to *Townsend II* and *Murray,* this court clarified when an ineffective assistance of counsel claim may be presented by post-

conviction petition. *See Torres v. State,* 688 N.W.2d 569, 572 (Minn.2004).

trine of merger should apply to the murder and attempted murder charges; (3) that the evidence of the attempted murder was not admissible in the trial on the murder charge, claiming that this constitutes an improper amendment of the indictment to include additional charges; (4) that the trial court's failure to instruct the jury that it must return verdicts on both the first- and second-degree murder charges relieved the state of the burden of proving every element of its case beyond a reasonable doubt; and (5) that the state failed to provide Townsend with access to certain physical evidence for examination and testing.

Townsend argues that all of these claimed mistakes constitute plain error affecting substantial rights. Townsend requests relief in the form of reversal of his conviction, remand for a full evidentiary hearing, a new trial, independent review of his claims by this court, amendment of his conviction from first-degree murder to second-degree murder, disclosure of evidence, or other appropriate relief.

## I.

■ This court reviews determinations of legal issues by a postconviction court under a de novo standard. *Schleicher v. State*, 718 N.W.2d 440, 445 (Minn. 2006). "[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). Similarly, a postconviction court will not consider claims that were raised or were known and could have been raised in an earlier petition for postconviction relief. *See Jones v. State*, 671 N.W.2d 743, 746 (Minn.2003). But, there are two exceptions to this "*Knaffla* rule." First, if a claim is known to a defendant at the time

of an appeal but is not raised, it will not be barred by the *Knaffla* rule if its novelty was so great that its legal basis was not reasonably available when direct appeal was taken. *Roby v. State*, 531 N.W.2d 482, 484 (Minn.1995). Second, even if the claim's legal basis was sufficiently available, substantive review may be allowed "when fairness so requires and when the petitioner did not 'deliberately and inexcusably' fail to raise the issue on direct appeal." *Russell v. State*, 562 N.W.2d 670, 672 (Minn.1997) (quoting *Roby*, 531 N.W.2d at 484).

■ All of Townsend's claims in his current petition for postconviction relief are barred by the *Knaffla* rule. Problems with the indictment, the grand jury process, the jury instructions, and discovery and evidentiary matters were known or available after trial and should have been raised in Townsend's direct appeal. *See, e.g., Hodgson v. State*, 540 N.W.2d 515, 517 (Minn.1995) (noting that "[a]ll of appellant's claims concerning withheld discovery were known at the time of trial and at the time of direct appeal, but were not raised."). Townsend fails to even claim that these matters were unavailable to him at the time of his earlier appeals.

No established exception to the *Knaffla* rule applies. Townsend's claims were not so novel that their legal bases were unavailable at the time of his earlier appeals, and he makes no assertion that this is the case. Except for the plain error and ineffective assistance of appellate counsel arguments discussed below, Townsend does not appear to claim the fairness exception to *Knaffla* applies. *See Hodgson*, 540 N.W.2d at 517 (declining to consider fairness exception where appellant neglected to present facts implicating that exception). We reiterate our position, adopted in *Townsend II*, that "Townsend's failure to raise issues known to him at the time of

his direct appeal was inexcusable, and fairness does not require substantive review of the issues." *Townsend II,* 582 N.W.2d at 228–29.

## II.

■■■ Townsend's other arguments seek to establish additional exceptions to the *Knaffla* rule. Townsend first seeks a "plain error exception" to the *Knaffla* rule, arguing that we should hear his claims because they constitute plain error. The plain error rule is directed at trial errors. Thus, although a failure to object to an error at trial ordinarily prevents review of that error on appeal, *Rairdon v. State,* 557 N.W.2d 318, 323 (Minn.1996), appellate courts have discretion to consider plain errors affecting substantial rights even if those errors were not objected to at trial. *See* Minn. R.Crim. P. 31.02. ("Plain errors or defects affecting substantial rights may be considered by the court upon motions for new trial, post-trial motions, and on appeal although they were not brought to the attention of the trial court."). Plain errors may be raised in the first appeal, but the rule does not contemplate that those errors may be raised in *any* subsequent appeal. To the contrary, this court's past decisions indicate that the *Knaffla* rule applies to claims of plain error. *See Rairdon,* 557 N.W.2d at 322 (considering arguments of plain error only after deciding that the *Knaffla* rule did not apply). Permitting an exception to the *Knaffla* rule for assertions of plain error would swallow the rule, destroying the finality and efficiency that the *Knaffla* rule was intended to foster. *See Torres v. State,* 688 N.W.2d 569, 572 (Minn.2004) (discussing finality and efficiency as reasons for the *Knaffla* rule).

■■■ Townsend also argues for a new exception to the *Knaffla* rule—separate from the fairness exception—for claims of ineffective assistance of counsel. But our case law in this area does not support such an exception. In *Torres,* 688 N.W.2d at 572–73, we clarified the procedure for raising claims of ineffective assistance of *trial* counsel. We said that such claims must be raised on direct appeal if they can be reviewed on the basis of the trial record, but otherwise should be raised by the first postconviction petition. Further, we have recognized that a defendant who wishes to raise an ineffective assistance of *appellate* counsel claim need not do so in the very appeal where counsel is representing the defendant, but instead may raise that claim in the next postconviction petition. *See Robinson v. State,* 567 N.W.2d 491, 496 (Minn.1997). But, if that claim is not raised in the next postconviction petition, it is thereafter barred because it was known and available at the time of that petition. *Jihad v. State,* 714 N.W.2d 445, 447 (Minn. 2006).

■■■ Townsend's current arguments about ineffective assistance of appellate counsel are focused on counsel in the direct appeal, *Townsend I,* and are barred because they were known and available at the time of the first post-conviction proceeding, *Townsend II.* Moreover, this same argument was considered and rejected in Townsend's first petition for postconviction relief. *See Townsend II,* 582 N.W.2d at 228 ("Townsend contends that his failure to raise these issues in his direct appeal was excusable because when he fired his appointed appellate attorney and requested that the brief filed by that attorney be dismissed, he did not have sufficient time to prepare his appellate brief."). In *Townsend II* we also rejected the notion that Townsend's claims regarding ineffective assistance of appellate counsel satisfied the fairness exception to the *Knaffla* rule, stating:

Townsend's appellate attorney explicitly informed him that she raised the issues that she believed merited the court's attention and that he may present additional issues in a pro se supplemental brief. Dissatisfied, Townsend waived appellate counsel, requested that the brief written by counsel be dismissed, and continued pro se. In doing so, Townsend recognized that he would be held to the same standard as a licensed attorney, including complying with strict time requirements, and that any issues not raised in his direct appeal would be deemed waived. Townsend then missed the extended filing deadline by almost 2 months. We conclude that under these circumstances, Townsend's failure to raise issues known to him at the time of his direct appeal was inexcusable, and fairness does not require substantive review of the issues.

*Id.* at 228–29. Accordingly, Townsend's ineffective assistance of counsel claim does not permit him to avoid the bar of the *Knaffla* rule, under either the existing fairness exception or some new exception.

Affirmed.