**STATE of Minnesota, Respondent,**

v.

**Angelita SWANSON, Appellant.**

No. C4–83–498.

Supreme Court of Minnesota.

Aug. 24, 1984.

James Ostgard, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman Jr., James B. Early, Sp. Asst. Attys. Gen., St. Paul, John K. Carlson, Pine County Atty., Pine City, for respondent.

PETERSON, Justice.

Defendant and her boyfriend, Dennis Hampeys, were charged by separate indictments in Pine County with committing arson in the first degree, Minn.Stat. § 609.-561, subd. 1 (1982). The charges were based on evidence that defendant and Hampeys intentionally set fire to defendant's bar, where defendant and Hampeys also resided, in order to collect insurance money. After defendant was found guilty by a district court jury, Hampeys, who did not testify at her trial, entered a guilty plea, testifying at the guilty plea hearing that he alone set the fire, without defendant's knowledge. The trial court denied defendant's motion for a new trial on the basis of Hampeys' testimony and sentenced defendant to 23 months in prison. Hampeys received an identical sentence. Shortly before she was released on parole, defendant filed a petition for postconviction relief. On appeal from the denial of the petition, defendant does not claim that the evidence of her guilt was legally insufficient but claims, as she did in the district court, that she is entitled to a new trial because (a) the trial court erred in admitting, under the co-conspirator exception to the hearsay rule, evidence concerning out-of-court statements made by Hampeys and (b) the testimony of Hampeys when he entered his guilty plea and at the postconviction hearing constitutes newly discovered evidence entitling defendant to a new trial. We affirm.

1. There is no merit to defendant's contention that the trial court erred in admitting the out-of-court statements made by Hampeys. The state, using evidence other than Hampeys' statements, made a sufficient prima facie showing of the existence of a conspiracy. *State v. Black*, 291 N.W.2d 208, 215–16 (Minn.1980). The state also established that the statements were made during the course and in furtherance of the conspiracy, which was not just a conspiracy to commit arson but was also a conspiracy to commit insurance fraud. *State v. Howard*, 324 N.W.2d 216, 223 (Minn.1982), *cert. denied*, 459 U.S. 1172, 103 S.Ct. 818, 74 L.Ed.2d 1016 (1983); *State v. Davis*, 301 N.W.2d 556, 558–59 (Minn.1981). Under the circumstances, the trial court properly admitted the statements pursuant to Minn.R.Evid. 801(d)(2)(E), which provides that a statement is not hearsay if it is offered against a party and is "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy." [1]

2. Defendant's claim of newly discovered evidence is based on testimony

---

**1.** *State v. Hudson*, 281 N.W.2d 870 (Minn.1979), also supports admitting the statements. There we held that it was not error to admit statements of two men arrested with the defendant where the statements were admitted not to prove the truth of what the men said but only to

of Hampeys at his guilty plea hearing (which was held on the day that defendant was sentenced) and at a hearing on defendant's petition for postconviction relief that he set the fire without defendant's knowledge. Generally, in order to obtain a new trial on the ground of newly discovered evidence, the defendant has to establish that the evidence was not known to him at the time of trial, that his failure to learn of it was not due to lack of diligence, that the evidence is material, and that it will probably produce an acquittal at a retrial. *State v. Jacobson*, 326 N.W.2d 663, 666 (Minn. 1982); *State v. Caldwell*, 322 N.W.2d 574, 588 (Minn.1982); *State v. Klotter*, 274 Minn. 58, 64, 142 N.W.2d 568, 572 (1966). Hampeys' testimony is inconsistent both with the state's evidence and with defendant's testimony at trial and does nothing to discredit the overwhelming evidence of defendant's guilt. We therefore readily conclude that the postconviction court correctly concluded that defendant did not establish that the evidence probably would result in an acquittal at a retrial. In view of this, we do not need to determine whether defendant established the other prerequisites to obtaining a new trial on the ground of newly discovered evidence.

Affirmed.

prove that all three men gave conflicting and therefore false statements when arrested. Here the state used the statements of Hampeys not to prove the truth of what he said but to prove that Hampeys and defendant gave conflicting statements when arrested.