**Gary Sam GARASHA,**
**Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C6–86–251.**

Court of Appeals of Minnesota.

Sept. 9, 1986.

Barry V. Voss, Minneapolis, for appellant.

---

Hubert H. Humphrey, III, Atty. Gen., Alan L. Mitchell, St. Louis Co. Atty., John E. DeSanto, Asst. Co. Atty., Duluth, for respondent.

Considered and decided by LANSING, P.J., and PARKER and NIERENGARTEN, JJ., without oral argument.

## OPINION

LANSING, Judge.

Gary Garasha appeals the trial court's summary dismissal of his petition for post-conviction relief. We affirm in part, reverse in part, and remand.

## FACTS

On June 9, 1982, Gary Garasha was convicted by a jury of second-degree murder in the death of an acquaintance named Dennis Breen. Garasha testified that he killed Breen in self-defense. Two privately retained attorneys represented him during the two-week trial.

The testimony consistent with the verdict shows that Garasha and the victim, Dennis Breen, had a dispute about whether to present a joint defense in their impending trial for a misdemeanor assault. Two days before their court appearance, the men met outside a bar at about 5 a.m. Both had been drinking. Breen started a fight with Garasha. Friends pulled them apart, and Breen apologized. Garasha invited them all to his home for breakfast.

Garasha lived in the upper unit of a duplex. Everyone went upstairs and began preparing the meal. After 15 to 20 minutes, Breen and Garasha went to the downstairs unit to talk privately. Minutes later, Garasha shot Breen in the chest and hip; Breen died on the way to surgery. There were no other eyewitnesses to the shooting.

The gun Garasha used to kill Breen was usually kept on a table in Garasha's living room. An open ammunition bag was found next to his bed. Garasha's testimony that Breen attacked him by throwing a chair at him was contradicted by evidence that no furniture was out of place; his testimony that Breen was choking him when Garasha pulled the trigger was contradicted by medical and ballistics evidence.

On June 28, Garasha's attorneys moved for a new trial and a *Schwartz* hearing on several grounds, including prosecutorial misconduct in final argument, prosecutorial breach of discovery rules, and juror misconduct. After permitting a *Schwartz* hearing, the trial court denied the new trial motion on all grounds.

On August 16, 1982, Garasha's attorneys filed a combined motion for a new trial and petition for post-conviction relief on grounds of newly discovered evidence. The evidence newly discovered was the affidavit of a person unnamed, who claimed the victim had threatened Garasha the day before the shooting. The affiant had six prior felony convictions. The trial court denied the motions. On October 25, 1982, the court sentenced Garasha to 111 months in prison, the presumptive guidelines sentence.

On appeal to the Minnesota Supreme Court Garasha raised issues of improper cross-examination, prosecutorial misconduct in final argument, and the denial of a new trial based on newly discovered evidence. The supreme court affirmed the conviction. *See State v. Garasha*, 358 N.W.2d 657 (Minn.1984).

Garasha obtained his present lawyer, who filed a second petition for post-conviction relief, alleging prosecutorial misconduct in failing to disclose both exculpatory and incriminating evidence at trial, ineffective trial counsel for failing to object to portions of the prosecutor's final argument, and ineffective appellate counsel for failing to raise these issues on appeal.[1] The

---

**1.** Another alleged error—that trial counsel failed to move for a downward sentencing departure, and appellate counsel failed to argue it on appeal—misstates the record. Trial counsel did request a downward departure. *See* T. at 1330–32. The trial court expressly considered and rejected probation. *See* T. at 1342.

trial judge denied the petition without a hearing, concluding that Garasha was precluded from raising these issues because they were known to Garasha and his appellate counsel at the time of the direct appeal to the supreme court.

## ISSUE

Is Garasha precluded from raising issues of prosecutorial misconduct and ineffective assistance of trial and appellate counsel in his post-conviction proceedings?

## ANALYSIS

The trial court ruled that all issues as to effectiveness of counsel, both at trial and on appeal, should have been raised at the time of the direct appeal. The court relied on *Case v. State*, 364 N.W.2d 797 (Minn. 1985), in which the supreme court held that a defendant may not raise claims in postconviction proceedings that were "known at the time of" or raised in a direct appeal. *Id.* at 799. Only when a claim "is so novel that * * * its legal basis was not reasonably available to counsel" when the direct appeal was taken will post-conviction relief be allowed. *Id.* at 800.

The supreme court has also recognized a competing principle that an appeal from a judgment of conviction is not the most appropriate way to raise the issue of effectiveness of trial counsel. *See, e.g., State v. Cermak*, 350 N.W.2d 328, 332 n. 5 (Minn. 1984); *State v. Zernechel*, 304 N.W.2d 365, 367 (Minn.1981). Ineffectiveness of counsel is properly raised in a post-conviction proceeding. *See, e.g., State v. Williams*, 282 Minn. 240, 242, 163 N.W.2d 868, 869 (1969); *State v. Hanson*, 366 N.W.2d 377 (Minn.Ct.App.1985).

In synthesizing these principles, we read *Case v. State* to say a defendant intending to raise the issue of ineffective assistance of trial counsel among other issues should first file a direct appeal. If an evidentiary hearing is necessary to resolve

factual issues, *see, e.g., State v. Cermak*, 350 N.W.2d 328, 332 n. 5 (Minn.1984), the defendant should move the appellate court for a stay of the appeal pending the hearing. *See* § 590.01, subd. 1 ("Nothing herein shall prevent the supreme court or the court of appeals * * * from granting a stay of a case on appeal for the purpose of allowing an appellant to apply to the district court for an evidentiary hearing under the provisions of this chapter.").[2] This procedure is not necessary if the legal basis for the claim is not available at the time of the direct appeal.

The legal basis for Garasha's claims of prosecutorial misconduct in final argument and discovery violations was known at the time of trial, because these very issues were hotly contested at trial, in post-trial motions, and on appeal. Garasha is precluded from raising them in post-conviction proceedings. However, his claim of ineffective assistance of appellate counsel could not have been raised on direct appeal, and Garasha is entitled to raise it in his petition for post-conviction relief.

The right to effective assistance of appellate counsel does not require an attorney to advance every conceivable argument on appeal that the trial record supports. *Gray v. Greer*, 778 F.2d 350, 353 (7th Cir.1985) (citing *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830 (1985)). The Constitution requires only that appellate counsel's choice of issues for appeal did not fall below "an objective standard of reasonableness." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)). We therefore remand to the trial court with instructions to review the record to determine whether the issues Garasha claims appellate counsel failed to raise would have been more likely to result in reversal or an order for a new trial, and were so obvious from the trial record that the failure to present them amounted to

2. A request for a stay should be timely. *See State v. Hanson*, 366 N.W.2d 377 (Minn.Ct.App. 1985).

ineffective assistance of appellate counsel. *Id.*[3]

### DECISION

Appellant is precluded from raising all issues except ineffective assistance of appellate counsel in post-conviction proceedings.

Affirmed in part, reversed in part, and remanded.

---

**3.** When a claim of ineffective assistance of counsel is based on failure to raise issues on appeal, "it is the exceptional case that could not be resolved on an examination of the record alone." *Gray v. Greer,* 778 F.2d at 353. As in *Gray,* we leave the determination of whether an evidentiary hearing is required to the discretion of the trial court after review of the record.

As the supreme court noted in the opinion affirming the conviction, Garasha may be entitled to resentencing because of the reduced presumptive sentence for felony-murder. *See* 358 N.W.2d at 658 n. 1. Garasha's attorney did not request this relief in his petition for post-conviction relief, but asks this court to address the issue on appeal. Garasha may amend the petition on remand to present the resentencing issue to the trial court.