**William N. HARRIS, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C1–90–2647.**

Court of Appeals of Minnesota.

May 28, 1991.

Jean M. Gerval, Sp. Asst. State Public Defender, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael Freeman, Hennepin County Atty., Lee W. Barry, Asst. Hennepin County Atty., Minneapolis, for respondent.

Considered by AMUNDSON, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

AMUNDSON, Judge.

Appellant William Harris was convicted of attempted first degree murder, first degree assault, and two counts of second degree assault. This court affirmed .his conviction. *State v. Harris*, 407 N.W.2d 456 (Minn.App.1987), *pet. for rev. denied* (Minn. July 31, 1987). In July 1990 Harris filed a pro se petition for postconviction relief. Harris also petitioned for appointment of counsel to represent him in the postconviction proceeding. The trial court denied the petitions without an evidentiary hearing. This appeal followed. We reverse and remand.

## FACTS

The jury convicted William Harris of attempted first degree murder, first degree assault and two counts of second degree assault for beating and setting on fire LaDonna Stuhr. He was sentenced to prison for 240 months.

On direct appeal, Harris' appointed counsel argued the following: (1) admission of his confession violated his constitutional rights; (2) destruction of evidence warranted reversal of his conviction; (3) the trial court erred by denying a new trial for recantation of the victim's testimony; and (4) the trial court erred by upwardly departing from the presumptive sentence. In his pro se supplemental brief, Harris argued he was denied effective assistance of trial counsel. This court affirmed Harris' conviction and sentence and the supreme court denied review.

Later, in his pro se petition for postconviction relief, Harris argued, among other things, Spriegel evidence of Harris' prior assault of Stuhr was improperly admitted and the prosecutor solicited and used Stuhr's false testimony. In August 1990, about a month after he petitioned for relief, Harris moved for a handwriting expert to review a Kansas crime investigator's report, which had been used to document Harris' alleged assault of Stuhr. Harris alleged the report was forged by his defense counsel. Also in August, Harris petitioned the trial court for appointment of counsel.

The trial court denied Harris' petition for relief. In its memorandum the trial court construed Harris' petition to solely provide an ineffective assistance of counsel claim. The trial court also denied, without explanation, Harris' petition for appointment of counsel. This appeal followed. The public defender filed a brief for Harris and Harris filed a pro se brief.

## ISSUES

1. Did the trial court err by failing to appoint counsel to represent appellant during postconviction proceedings?

2. Did the trial court err by denying appellant's petition for a postconviction evidentiary hearing?

## ANALYSIS

### I.

■ The public defender argues the trial court denied Harris a fair consideration of his postconviction petition by failing to appoint counsel. The postconviction remedy statute states:

A person financially unable to obtain counsel who desires to pursue the remedy * * * is entitled to be represented by the state public defender. The state public defender shall be appointed to represent such person pursuant to the applicable provisions of Minnesota Statutes * * * sections 611.14 to 611.29.

Minn.Stat. § 590.05 (1990). According to Minn.Stat. § 611.14 (1990):

The following persons who are financially unable to obtain counsel shall be entitled to be represented by a public defender:

* * * * * *

(b) a person appealing from a conviction of a felony or a gross misdemeanor, or a person convicted of a felony or gross misdemeanor who is pursuing a postcon-

viction proceeding, after the time for appeal from the judgment has expired.

Appointment of the public defender may be directed by the district court judge and is automatic in all cases where application by defendant is made. Minn.Stat. § 611.25 (1990); Minn.R.Crim.P. 28.02, subd. 5(5); *State v. Seifert*, 423 N.W.2d 368, 371 (Minn.1988).

In July 1990, Harris filed a pro se petition for postconviction relief. Six weeks later, he properly petitioned the trial court for appointment of counsel to represent him in the postconviction proceeding. In October 1990, in the same order denying Harris' postconviction petition, the trial court, without explanation, refused to appoint Harris an attorney.

■ The public defender argues that had counsel been appointed, Harris' petition would have more clearly explained the deficiencies of Harris' appellate counsel and why his petition should not be denied on procedural grounds. We agree with the public defender and can ascertain no reason which justifies the trial court's failure to appoint counsel. Accordingly, we reverse and direct the trial court to appoint counsel to represent Harris during his postconviction proceedings.

## II.

■ Harris contends the trial court erred by denying him an evidentiary hearing on his ineffective assistance of counsel claim. In denying a hearing, the trial court relied on *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), which held that when a direct appeal has been taken, all matters raised therein, and all claims known but not raised, will not thereafter be considered upon a postconviction petition.

We disagree with the trial court's reliance on *Knaffla*. Under the facts of this case, *Garasha v. State*, 393 N.W.2d 20 (Minn.App.1986) guides our decision.

■ We noted in *Garasha*, and reiterate now, that an ineffective assistance of counsel claim is properly raised in a post-conviction proceeding and not on direct appeal from a judgment of conviction. *Id.* at 22. On direct appeal, the record may not be adequately developed to permit proper review of the ineffective assistance of counsel claim. When an expanded record is needed, the correct procedure includes filing a direct appeal setting out the issues and then moving for dismissal to allow for a postconviction hearing. *See State v. Steele*, 449 N.W.2d 157 (Minn.1989).

■ In light of the undeveloped record, we cannot say as a matter of law that appellate counsel's decision to bring a direct appeal, and not raise an ineffective assistance of trial counsel claim rather than petition for postconviction relief was reasonable under the circumstances. We conclude Harris' allegations were not too generalized to preclude an evidentiary hearing. *Fratzke v. State*, 450 N.W.2d 101, 102 (Minn.1990). The allegations are specific enough that, if proven, they would show Harris' appellate counsel was negligent and that there was a reasonable probability the outcome of his trial would have been different. *Gates v. State*, 398 N.W.2d 558, 561 (Minn.1987). Accordingly, we remand with instructions to hold an evidentiary hearing to determine whether the alleged failures by Harris' appellate counsel amounted to ineffective assistance of counsel.

## DECISION

The trial court erred by failing to appoint counsel to represent appellant during his postconviction evidentiary hearing. We remand to the trial court to hold an evidentiary hearing on Harris' ineffective assistance of appellate counsel claim.

Reversed and remanded.