# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1423

_____

Bruce R. Nelson,                                      *
                                                      *
            Appellant,                                *
                                                      *   Appeal from the United States
      v.                                              *   District Court for the
                                                      *   District of Minnesota.
Sheryl Ramstad Hvass,                                 *
                                                      *
            Appellee.                                 *

_____

Submitted:  October 18, 2001
Filed:  February 14, 2002

_____

Before HANSEN,[1] Chief Judge, BOWMAN and  RICHARD S. ARNOLD, Circuit
      Judges.

_____

BOWMAN, Circuit Judge.

      Bruce R. Nelson appeals from the District Court's dismissal of his 28 U.S.C.
§ 2254 habeas corpus petition as untimely under the one-year limitations period of
the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), see 28 U.S.C.
§ 2244(d)(1) (Supp. IV 1998).  We reverse and remand.

_____

      [1]The Honorable David R. Hansen became Chief Judge of the United States
Court of Appeals for the Eighth Circuit on February 1, 2002.

On June 14, 1996, Nelson was convicted of conspiracy to commit a third-degree controlled substance violation under Minnesota state law, see Minn. Stat. § 152.096 subd. 1, and was sentenced to 140 months in prison. He filed a timely notice of appeal to the Minnesota Court of Appeals on September 20, 1996.[2] On November 14, 1996, Nelson, complying with the established practice of the Minnesota appellate courts to review direct appeals and post-conviction-remedies appeals in one fell swoop, filed a request with the Minnesota Court of Appeals seeking a stay of his direct appeal in order to pursue post-conviction remedies. On November 22, 1996, the Minnesota Court of Appeals, also following the customary practice of the Minnesota appellate courts, dismissed the appeal rather than staying it and remanded to the trial court for the filing of a petition for post-conviction relief.

Nelson filed his state post-conviction-relief petition on April 17, 1998. The Minnesota state court held an evidentiary hearing and denied Nelson's request for post-conviction relief on November 13, 1998. Nelson filed a timely notice of appeal to the Minnesota Court of Appeals raising both direct-appeal and post-conviction-relief issues. In an opinion issued on September 21, 1999, the Court of Appeals, deciding Nelson's direct-appeal and post-conviction-relief issues, affirmed his conviction and sentence. On December 14, 1999, the Minnesota Supreme Court denied Nelson's request for further review. Nelson filed his § 2254 petition in the District Court on November 28, 2000. The District Court, overruling Nelson's objections to the Magistrate Judge's report and recommendation, determined the Magistrate Judge had correctly found that Nelson had filed his § 2254 petition after

---

[2]The District Court, adopting the report and recommendation of the Magistrate Judge, which found that Nelson "did not take a direct appeal" from the trial court's June 24, 1996 judgment of conviction, dismissed Nelson's habeas petition as AEDPA-untimely. The finding that Nelson did not take a direct appeal is clearly erroneous. The record establishes beyond any doubt that Nelson filed his direct appeal on September 20, 1996, within the 90-day period prescribed by Minn. R. Crim. P. 28.02, subd. 4(3).

the AEDPA one-year limitation period had expired. The Court granted a certificate of appealability on this issue.[3] We review de novo the denial of a habeas corpus petition on procedural grounds. See Snow v. Ault, 238 F.3d 1033, 1034 (8th Cir.), cert. denied, 121S. Ct. 1663 (2001).

To resolve Nelson's appeal, we must determine what effect the Minnesota state-court practice of dismissing a timely-filed direct appeal pending the defendant's pursuit of post-conviction remedies has on the finality of the judgment of conviction and how the one-year AEDPA statute of limitations applies to the situation. The relevant portion of AEDPA provides that a conviction becomes final, for statute-of-limitations purposes, one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled, however, when a state post-conviction-relief petition is properly filed. Id. § 2244(d)(2).

The Minnesota Supreme Court has acknowledged that the preferred method for raising post-conviction-relief claims in general – and ineffective-assistance-of-counsel claims in particular – is for the appellant to move to stay his direct appeal and then pursue the post-conviction suit. See State v. Bjork, 610 N.W.2d 632, 633 n.3 (Minn. 2000); Garasha v. State, 393 N.W.2d 20, 22 (Minn. Ct. App. 1986). At the same time, the practice of the Minnesota courts, when considering such motions, is to dismiss the direct appeal and remand to allow the post-conviction proceedings to go forward. See Johnson v. Gray, 533 N.W.2d 57, 60-61 (Minn. Ct. App. 1995).

Here, Nelson followed the preferred method by petitioning for a stay of his direct appeal pending his pursuit of state post-conviction remedies. The Minnesota

---

[3]We note that appellate review of this threshhold procedural issue is proper. See Nichols v. Bowersox, 172 F.3d 1068, 1070, n.2 (8th Cir. 1999) (en banc). The State does not argue to the contrary.

Court of Appeals dismissed and remanded to allow Nelson to file his post-conviction-relief petition. After his post-conviction-relief arguments were considered and rejected in the trial court, Nelson appealed both his direct-appeal and post-conviction-relief issues to the Minnesota Court of Appeals, which then decided the merits of both sets of issues and affirmed Nelson's conviction and sentence. Accordingly, "direct review" of Nelson's judgment of conviction did not conclude until December 14, 1999 when the Minnesota Supreme Court denied review of the Minnesota Court of Appeals' judgment against Nelson. This marked the end of his direct appeal and began the running of the AEDPA limitations period. The one-year limitations period therefore began to run on December 14, 1999, and because Nelson filed his habeas petition on November 28, 2000, and thus within the one-year period, his petition is timely for purposes of AEDPA.

We reverse the District Court's dismissal of Nelson's habeas corpus petition as untimely and remand for consideration of the claims raised by the petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-