# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 10, 2009

Charles R. Fulbruge III
Clerk

No. 07-30889
Summary Calendar

FREDDIE LEBLANC,

Petitioner - Appellant

v.

JEFFERY TRAVIS, Warden, Rayburn Correctional Center,

Respondent - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 2:07-CV-2977

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Freddie LeBlanc seeks review of the Louisiana Supreme Court's opinion reinstating his manslaughter conviction, to which he pleaded guilty in 2002. The federal district court held that LeBlanc's petition was untimely but granted a Certificate of Appealability on whether the statute of limitations should be tolled for Petitioner's ineffective assistance of counsel claim. For the reasons below, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In its Order Clarifying Prior Order Granting Certificate of Appealability, the federal district court held that "Petitioner has made a substantial showing of the denial of his constitutional right to effective assistance of counsel." The district court also held that despite his petition being untimely, LeBlanc has provided new evidence that may toll the deadline for federal habeas relief. *See* 28 U.S.C. § 2244(d)(1)(D).

LeBlanc points to only one piece of evidence which "could not have been discovered through the exercise of due diligence" and thus potentially toll the statute of limitations. *See* § 2244(d)(1)(D). This is a motion in an unrelated proceeding where LeBlanc's former attorney - acting as his own counsel - requests the state of Louisiana to determine his own sanity. This self-interested and semi-farcical "Application for Appointment of a Sanity Commission" is in response to an indictment against LeBlanc's attorney for extortion. The attorney states two grounds in his Application for questioning his sanity: (1) people he knows allegedly stated that he was mentally ill, and (2) "he would have to be insane to single out" the alleged victim when there were more vulnerable targets. There is no evidence that this Application was ever granted by the court in those proceedings, nor does LeBlanc point to evidence substantiating the claims in the Application itself. Consequently, we do not find this Application to be evidence of the attorney's mental instability. Even if the Application were taken as evidence of this attorney's mental instability at the time of its filing, it is not probative of the attorney's mental state at the time of LeBlanc's representation two years prior to the Application. Accordingly, the filing does not provide evidence of a factual predicate which can toll the statute of limitations pursuant to § 2244(d)(1)(D).

LeBlanc's remaining evidence of ineffective assistance of counsel consists of his testimony at the state court evidentiary hearing. This testimony recounts his attorney's behavior to which LeBlanc was a witness during his trial.

Assuming this evidence demonstrates ineffective assistance of counsel, LeBlanc presents no reason why he could not have reasonably presented this evidence through the exercise of due diligence within the one-year period of limitation. Accordingly, this evidence, too, does not provide evidence of a factual predicate which can toll the statute of limitations pursuant to § 2244(d)(1)(D).

LeBlanc's conviction became final on November 25, 2002, and his application for post-conviction relief came more than one year later. The decision of the Louisiana Supreme Court cannot be considered a new charge that began a new finality date. And LeBlanc's ineffective counsel contention is directed at counsel's conduct before the trial court. Accordingly, LeBlanc's claim of ineffective assistance of counsel is time-barred. *See* § 2244(d)(1) (providing one-year period of limitation to all federal habeas claims of final state judgments). Without a reason to toll the federal statute of limitations, we cannot look to the merits of LeBlanc's ineffective assistance of counsel claim. *See* § 2244(d)(1)(A)-(D) (providing exclusive list of statutory grounds for tolling one-year period). Furthermore, LeBlanc's claims of actual innocence do not present "rare and extraordinary circumstances" for which we may consider an equitable tolling of the statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Finally, because LeBlanc's claims are barred by the federal statute of limitations, he has failed to show that the Louisiana State Supreme Court's decision reinstating his conviction is "contrary to . . . clearly established Federal law." *See* § 2254(d)(1).

AFFIRMED.