# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2010

No. 09-30576

Lyle W. Cayce
Clerk

JASON MATTHIS

Petitioner–Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent–Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before WIENER, GARZA, and PRADO, Circuit Judges.

PRADO, Circuit Judge:

Jason Matthis ("Appellant") appeals the district court's dismissal of his habeas corpus petition brought pursuant to 28 U.S.C. § 2254 as untimely. The district court found that Appellant's petition was time-barred by 28 U.S.C. § 2244(d)(1). The court held that Appellant exceeded the limitations period because he filed his federal habeas petition more than one year after the date his state conviction became final by conclusion of direct review, notwithstanding tolling of the limitations period during the pendency of his state post-conviction review pursuant to 28 U.S.C. § 2244(d)(2). Appellant contends that because the state district court vacated his conviction and granted him a new trial on post-

No. 09-30576

conviction review, the finality of his conviction was destroyed for purposes of § 2244(d)(1). He argues that especially in light of the principles announced in *Jimenez v. Quarterman*, 129 S.Ct. 681 (2009), his conviction was not final on direct review under 28 U.S.C. § 2244(d)(1)(A) until the Louisiana Supreme Court reinstated his conviction and sentence. Because the overturning and reinstatement of Appellant's conviction occurred solely through post-conviction review, we find that this did not affect the date his conviction became final under direct review and thus his federal habeas petition was untimely. We therefore affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Jason Matthis was convicted of second-degree murder in Louisiana state court on September 22, 1999, and sentenced to life in prison. The Louisiana Fourth Circuit Court of Appeal affirmed, and the Louisiana Supreme Court denied Appellant's application for a writ of certiorari on November 9, 2001. On February 8, 2002, after the ninety-day period for petition to the U.S. Supreme Court expired, Appellant's conviction became final. On November 8, 2002, Appellant filed an application for state post-conviction relief. The state district court granted post-conviction relief and ordered a new trial on November 8, 2006. After the Louisiana appellate court declined to overturn the state district court, the Louisiana Supreme Court reversed the state district court's grant of post-conviction relief and reinstated Appellant's conviction and sentence on November 2, 2007. The Louisiana Supreme Court thereafter denied his petition for rehearing on January 7, 2008.

Appellant filed his federal habeas petition on July 28, 2008. The district court dismissed his petition with prejudice as untimely on June 30, 2009, and denied a certificate of appealability ("COA") thereafter. After Appellant timely appealed, we granted a COA on the issue of whether Appellant's habeas petition was time-barred under 28 U.S.C. § 2244(d)(1).

2

No. 09-30576

## II. DISCUSSION

Appellant acknowledges that under "traditional analysis" his conviction became final by the conclusion of direct review on February 8, 2002. Starting from this date, 272 days elapsed before the limitations period was tolled by his filing of a state post-conviction petition. After his state post-conviction review concluded, another 202 days elapsed before Appellant filed his federal habeas petition. Thus, 474 days had elapsed (excluding the tolling period), thereby exceeding the one-year limitations period. Appellant nonetheless claims that this Court should find his petition timely, because when the state district court vacated his conviction and ordered a new trial, he was no longer a "person in custody pursuant to the judgment of a State court" under 28 U.S.C. § 2244(d)(1). Therefore, Appellant argues, the finality of the judgment was destroyed for the purposes of § 2244(d)(1)(A), resetting the limitations period. Appellant asserts that the limitations period did not begin until the Louisiana Supreme Court reinstated his conviction. He further cites the Supreme Court's 2009 decision in *Jimenez* as support for his contention that "a conviction cannot be final when the petitioner's conviction is still capable of modification by appellate review by the State courts."

"We review de novo the denial of a federal habeas petition on procedural grounds." *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a limitations period for the filing of a federal habeas petition "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see Lawrence v. Florida*, 549 U.S. 327 (2007). The statute provides that the limitations period shall run from the latest of four possible dates, the relevant one here being "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This provision works in conjunction with 28 U.S.C. §

3

No. 09-30576

2244(d)(2), which provides for a tolling of the limitations period during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment is pending." The Supreme Court has further held that "the conclusion of direct review occurs when 'this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,'" or when the "'the time for filing a certiorari petition expires.'" *Jimenez*, 129 S.Ct. at 685 (quoting *Clay v. United States*, 537 U.S. 522, 527, 528–32 (2003)).

Although the question of whether the overturning and subsequent reinstatement of a conviction on state post-conviction review destroys the finality of a judgment for purposes of § 2244(d)(1)(A) is one of first impression in this Circuit,[1] its answer is straightforward. The language of § 2244(d)(1)(A) plainly refers to the date on which the "judgment became final by *the conclusion of direct review* or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). Guided by the maxim that "when the statutory language is plain, we must enforce it according to its terms," *Jimenez*, 129 S.Ct. at 685, Appellant must therefore show that the state district court's overturning of his conviction constituted a reinstatement of *direct review*. This he cannot do. As Appellant acknowledges in his brief, the state district court overturned his conviction on *post-conviction review*, not on direct review. The language of the statute clearly distinguishes between the two phases of review, accounting for

---

[1] This Court addressed a similar factual scenario in a previous unpublished summary calendar opinion; the issue in that case, however, was not whether the defendant's petition was timely, but whether the Court should equitably toll the statute of limitations for petitioner's otherwise untimely habeas petition. *See LeBlanc v. Travis*, 352 F. App'x 966 (5th Cir. 2009). Although the issue before the court was different, it did note that "[t]he decision of the Louisiana Supreme Court [reinstating petitioner's conviction after it was initially overturned on post-conviction review] cannot be considered a new charge that began a new finality date." *Id.* at 967.

direct review under § 2244(d)(1)(A), and allowing for tolling during post-conviction review under § 2244(d)(2).

The reference of § 2244(d)(1) to "a person in custody pursuant to the judgment of a State court" also does not change the result. When Appellant filed his application for a writ of habeas corpus, he was in, and remains in, custody pursuant to the state court judgment. His period of release after the conviction was overturned on post-conviction review and before the conviction was reinstated was accounted for by § 2244(d)(2); the limitations period was tolled during his release as well as the entirety of his post-conviction review in state court.

The Supreme Court's decision in *Jimenez* also provides no support to Appellant's argument. *Jimenez* dealt with the question of whether a state court's grant of an out-of-time appeal to reopen direct review of the petitioner's conviction destroyed the finality of the judgment on direct review under § 2244(d)(1)(A). *See* 129 S.Ct. at 686. The Court held that "where a state court grants . . . the right to file an out-of-time *direct* appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." *Id.* (emphasis added). The Court further noted that its decision was "a narrow one." *Id.* Because it is uncontested that, unlike in *Jimenez*, the state courts overturned and then reinstated Matthis's conviction on post-conviction, and not direct review, *Jimenez* is inapposite.

The only other situation in which claims for post-conviction relief may potentially implicate § 2244(d)(1)(A) is where the state uses a method of appeal by which the direct appeal is stayed while the defendant institutes proceedings for post-conviction relief, and the direct and post-conviction appeals are consolidated and decided together. *See Nelson v. Hvass*, 280 F.3d 872, 873–74 (8th Cir. 2002) (holding that where Minnesota court procedures require such a

5

No. 09-30576

process and the state appellate court hears both the direct appeal and post-conviction-relief appeal together, direct review is not final until the combined appeal is concluded).  Louisiana does not require such a procedure, and here, Appellant's direct review concluded before he instituted proceedings for post-conviction relief.

## III.  CONCLUSION

We therefore affirm the decision of the district court dismissing Appellant's habeas application as untimely pursuant to § 2244(d)(1).

AFFIRMED.