# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 13, 2012

Lyle W. Cayce
Clerk

No. 11-30978
Summary Calendar

TONY HUNTER,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:11-CV-343

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

In 2004, Tony L. Hunter, Louisiana prisoner # 333814, was convicted by a jury of three counts of second-degree murder and one count of attempted armed robbery. He was sentenced to three consecutive life terms of imprisonment at hard labor without the benefit of probation, parole or suspension of sentence for the murders, to be followed by a 49-year term of imprisonment at hard labor for the attempted armed robbery. He appeals from the district court's dismissal of his 28 U.S.C. § 2254 application as time barred.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30978

On appeal from the denial of a § 2254 application, we review the district court's findings of facts for clear error and its conclusions of law de novo. *Rabe v. Thaler*, 649 F.3d 305, 308 (5th Cir. 2011). We review the denial of a § 2254 application on procedural grounds de novo. *Matthis v. Cain*, 627 F.3d 1001, 1003 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 3040 (2011).

At Hunter's trial, Corey Smith testified that he had been the owner of the firearm that was determined to be the murder weapon, but that it had been stolen prior to the murders. Within the District Attorney's (DA) case file was a handwritten police report which noted that Smith had reported the theft and believed that his friend Keith Norman had stolen the firearm from his truck and had traded it for drugs. In his § 2254 application, Hunter asserted that the prosecution's failure to disclose that report violated *Kyles v. Whitley*, 514 U.S. 419 (1995), and *Brady v. Maryland*, 373 U.S. 83 (1963). The district court held that Hunter's § 2254 application was untimely because the limitations period commenced under 28 U.S.C. § 2244(d)(1)(D), on March 12, 2008, when the file containing the report was provided to Hunter's then attorney Kenota Pulliam.

Hunter argues that the district court mischaracterized the factual predicate of his claim as pertaining to the potential involvement of Norman rather than as the existence of the report. However, examination of the record contradicts his assertion. He further argues, pursuant to § 2244(d)(1)(D), that the limitations period should have commenced on February 17, 2009, when he received the DA's case file after his attorney-client relationship with Pulliam ended. Section 2244(d)(1)(D) states that the limitations period begins to run as of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Hunter has not shown why he could not have discovered the report through the exercise of due diligence once it was disclosed to Pulliam. *See Starns v. Andrews*, 524 F.3d 612, 620-21 & n.5 (5th Cir. 2008) (holding that the relevant date under § 2244(d)(1)(D) is the date that the habeas petitioner or his criminal attorney

No. 11-30978

received the information in question).  The district court correctly determined that Hunter's § 2254 application was untimely.

The judgment of the district court is AFFIRMED.