# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 9, 2012

No. 10-50918

Lyle W. Cayce
Clerk

ROBERT MCINTOSH,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CV-405

Before REAVLEY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert McIntosh, Texas prisoner # 795107, was convicted by a jury of three counts of engaging in organized criminal activity to compel prostitution and one count of engaging in organized criminal activity to commit aggravated promotion of prostitution, and was sentenced to 45 years of imprisonment. He filed this § 2254 application challenging his conviction and sentence, but the district court dismissed his application as barred by the statute of limitations.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50918

This court previously granted McIntosh a certificate of appealability ("COA") on the issue of whether the district court erred in concluding that his application was untimely. We now affirm.

## FACTS AND PROCEEDINGS

McIntosh's convictions and sentence were affirmed on direct appeal and on discretionary review by the Texas Court of Criminal Appeals ("TCCA"). After the TCCA denied his state habeas corpus petition, McIntosh filed this *pro se* § 2254 application in the district court, asserting claims that the evidence was insufficient to support his convictions, that his counsel provided ineffective assistance, and that his conviction on one count violated the Double Jeopardy Clause.

McIntosh's application was dated September 18, 2008, but it was not filed by the district court until October 20, 2008. The parties agree that, accounting for all tolling periods, the statute of limitations on McIntosh's application expired on either the 29th or 30th of September of the same year. On January 16, 2009, the respondent filed his answer to McIntosh's application, arguing that the application was barred by the statute of limitations. While acknowledging that McIntosh's application was dated September 18, 2008, the respondent contended that McIntosh did not mail the application to the district court until October 14, 2008, more than two weeks after the limitations period expired, and submitted an envelope from McIntosh to the district court that was postmarked on October 14.

McIntosh did not file a response to the respondent's answer. On August 31, 2009, the district court entered an order dismissing McIntosh's § 2254 application as barred by the statute of limitations for the reasons set forth in the respondent's answer and *sua sponte* denying McIntosh a COA. McIntosh filed a timely notice of appeal.

No. 10-50918

In his request for a COA in this court, McIntosh argued that his § 2254 application was timely filed because it was received by the district court clerk's office on September 22, 2008. He submitted an unsigned letter dated September 22, 2008, from the district court clerk's office that informed him that his application had been received but would not be filed until he paid the filing fee or submitted an application for leave to proceed *in forma pauperis*.

This court granted McIntosh a COA on the issues of whether this court may consider on appeal the purported letter from the district court clerk's office and whether the district court erred by finding that McIntosh's § 2254 application was untimely. *McIntosh v. Thaler*, No. 10-50918 (5th Cir. Apr. 20, 2011) (unpublished). The clerk of this court subsequently granted McIntosh's motion to expand the record on appeal to include the letter from the district court clerk's office.

## STANDARD OF REVIEW

Generally, in an appeal from the denial of a § 2254 application, the district court's findings of fact are reviewed for clear error and issues of law are reviewed *de novo. See Hardemon v. Quarterman*, 516 F.3d 272, 274 (5th Cir. 2008). This court reviews the denial of a § 2254 application on procedural grounds *de novo. Matthis v. Cain*, 627 F.3d 1001, 1003 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 3040 (2011). McIntosh, however, failed to file a response to the respondent's answer to his application, and therefore never raised any arguments concerning the timeliness of his § 2254 application in the district court. Accordingly, we review this issue only for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail on plain-error review, McIntosh must show an error that is clear or obvious and that affects his substantial rights. *See id.* If he makes such a showing, we have discretion to correct the error, but will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

3

No. 10-50918

## DISCUSSION

McIntosh essentially contends that the district court plainly erred by finding that his § 2254 application was untimely. He argues that the September 22 letter from the district court clerk demonstrates that his application was received, and should therefore have been filed, before the statute of limitations expired. For purposes of the statute of limitations, the proper filing date of a § 2254 application from a *pro se* inmate is the date that the applicant tenders it to prison authorities for mailing or the date that it is received by the district court, not the date on which the applicant pays the filing fee. *See Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir. 1998); *see also* R. GOVERNING SEC. 2254 CASES 3(b) advisory committee's note (noting that for purposes of the statute of limitations, "revised Rule 3(b) requires the clerk to file a petition, . . . . even [if] it lack[s] the requisite filing fee or an *in forma pauperis* form"). Therefore, if the purported letter from the clerk's office is authentic, McIntosh is correct that the clerk should have filed his application by September 22, 2008, several days before the expiration of the limitations period.[1]

Nevertheless, the letter that McIntosh wishes us to rely upon was not part of the record before the district court, and it is well established that "[a]n appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling." *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). In granting McIntosh a COA, we stated that "the letter was arguably before the district court because it was purportedly generated by the district court." This observation, while true, is only relevant if we assume that

---

[1] To the extent that the letter is authentic, it indicates that the district court clerk routinely declines to file § 2254 applications until a filing fee is received, in contravention of Rule 3(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Moreover, it is unclear why the letter, if authentic, was not entered on the docket sheet and included in the district court record.

4

the letter is authentic. In other words, if the letter is inauthentic, it obviously was not "before the district court" under any interpretation of that phrase.

The respondent, though not alleging that the letter is a fake, has also not conceded the letter's authenticity. Because the letter remains unauthenticated and we do not hold evidentiary hearings to make factual determinations, McIntosh cannot demonstrate that the district court committed plain error by failing to file his application before the limitations period expired. If McIntosh wishes to present the letter to the district court, he may attempt to do so by filing a motion under Federal Rule of Civil Procedure 60(b). We offer no opinion on the proper resolution of such a motion.

## CONCLUSION

For the reasons given above, the judgment of the district court is AFFIRMED.