**STATE of Minnesota, Respondent,**

v.

**Randall Orion HUSTON, Appellant.**

**No. C3–00–725.**

Court of Appeals of Minnesota.

Aug. 22, 2000.

---

Mike Hatch, Attorney General, St. Paul; and Michael K. Riley Sr., Nicollet County Attorney, Jerold M. Lucas, Assistant County Attorney, St. Peter, for respondent.

John M. Stuart, State Public Defender, Rochelle R. Winn, Assistant State Public Defender, Minneapolis, for appellant.

Considered and decided by DAVIES, Presiding Judge, AMUNDSON, Judge, and STONEBURNER, Judge.

## OPINION

DAVIES, Judge.

Appellant Randall Orion Huston challenges his sentence under the "career-offender statute." He argues that he does not have the five "prior felony convictions" required by that statute. We agree and reverse the departure.

## FACTS

Appellant has a lengthy felony record for property crimes, including one 1996 conviction (theft), three 1999 convictions (motor-vehicle theft, forgery, and attempted theft), and two January 2000 convictions (motor-vehicle theft and third-degree burglary).

Later in January 2000, appellant pleaded guilty to an additional felony offense: theft. On this theft charge, he was sentenced under the career-offender statute to 45 months in prison, an upward departure from the presumptive 30-month sentence.

## ISSUE

Did the trial court err in sentencing appellant under the career-offender statute?

## ANALYSIS

Minn.Stat. § 609.1095, subd. 4 (1998) (the "career-offender statute"), permits the sentencing court to depart from the presumptive guidelines sentence

> if the judge finds and specifies on the record that the offender has five or more *prior felony convictions* and that the present offense is a felony that was committed as part of a pattern of criminal conduct.

(Emphasis added.) Subdivision 1 of this section provides the following definition:

> As used in this section * * * *.

> "Prior conviction" means a conviction that occurred before the offender committed the next felony resulting in a conviction and before the offense for which the offender is being sentenced under this section.

Minn.Stat. § 609.1095, subd. 1 (1998). Appellant argues that this statutory definition for "prior conviction" should logically also be applied to the term "prior *felony* conviction," the term used in subdivision 4. If it is so applied, five sequential felony offenses and convictions are required (i.e., offense/conviction, offense/conviction, offense/conviction, etc.). And, if so applied, appellant has only *three* prior felony convictions because he committed a string of offenses in 1999 before any of them resulted in a conviction.

The following shows the sequential order in which these offenses and resultant convictions should have been counted under appellant's reading of the statute:

| 1. | August 1996: | Offense: | theft (Scott County) |
| 1. | November 1996: | Conviction: | for August 1996 theft (Scott County) |
| | March 1999: | Offense: | motor-vehicle theft (Beltrami County) |
| | March 1999: | Offense: | third-degree burglary (Beltrami County) |
| 2. | May 1999: | Offense: | motor vehicle theft (Lake County) |
| 2. | June 1999: | Conviction: | for May 1999 motor-vehicle theft (Lake County) |
| | June 1999: | Offense: | forgery (Stearns County) |
| 3. | July 1999: | Offense: | attempted theft (Stearns County) |
| | October 1999: | Conviction: | for June 1999 forgery (Stearns County) |
| 3. | October 1999: | Conviction: | for July 1999 attempted theft (Stearns County) |
| | January 2000: | Conviction: | for March 1999 motor-vehicle theft (Beltrami County) |
| | | Conviction: | for March 1999 third-degree burglary (Beltrami County) |

■ Whether the statutory definition of "prior conviction" also applies to the term "prior *felony* conviction" involves statutory interpretation. Statutory interpretation seeks to ascertain and effectuate the intention of the legislature. Minn.Stat. § 645.16 (1998). Interpretation of a statute is subject to de novo review. *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996).

■ We agree with appellant and hold that the "prior conviction" definition should also be applied to the phrase "prior felony conviction." The phrases are almost identical and the defined term is the more inclusive. In addition, the sequencing requirement better serves the general purpose of the statute by permitting five full "postconviction opportunities for reform." *See, e.g., State v. Spears*, 560 N.W.2d 723, 727–28 (Minn.App.1997) (interpreting similar language under the repeat sex-offender statute), *review denied* (Minn. May 28, 1997). This sequencing requirement also excludes prejudicial use of multiple convictions resulting from a short crime spree, which is not what the career-offender statute contemplated.

■ This interpretation also complies with the general rule that an ambiguity in a criminal statute should be resolved in favor of leniency to the defendant. Minnesota follows that rule. *State v. Collins*, 580 N.W.2d 36, 41 (Minn.App.1998), *review*

*denied* (Minn. July 16, 1998). If the "prior felony conviction" phrase is viewed as undefined, it is ambiguous; and, applying the rule of lenity, we resolve the ambiguity in favor of the defendant.

### DECISION

Because appellant does not have five prior felony convictions, he was improperly sentenced under the career-offender statute. We reverse the departure and modify his theft sentence to 30 months.

**Reversed.**