*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0844**

State of Minnesota,
Respondent,

vs.

Raheem Michael Kemokai,
Appellant.

**Filed June 15, 2015
Reversed and remanded
Hudson, Judge**

Clay County District Court
File No. 14-CR-13-2696

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian Melton, Clay County Attorney, Moorhead, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Renee Bergeron, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Hudson, Presiding Judge; Worke, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HUDSON**, Judge

        In this appeal following his convictions of second-degree aggravated robbery, fleeing a police officer in a motor vehicle, and criminal damage to property, appellant challenges the district court's decision to impose sentences that constitute upward

durational departures from the presumptive guidelines sentences. Because we conclude that the district court's grounds for the departures are not justified by the record, we reverse and remand for the imposition of the presumptive sentences.

**FACTS**

In August 2013, appellant Raheem Michael Kemokai entered a service center located in Moorhead, Minnesota, told the attendant that he had a gun, and demanded that the attendant give him money from the cash register. He later fled from responding law enforcement officers in a motor vehicle, driving at a high rate of speed for several blocks before crashing into a residential yard after a police officer placed "stop sticks" in his path. The state of Minnesota subsequently charged appellant with first-degree aggravated robbery, second-degree aggravated robbery, fleeing a police officer in a motor vehicle, and criminal damage to property. The state also filed a notice of its intent to seek an upward sentencing departure on the grounds that appellant had two or more convictions for violent crimes and represented a danger to public safety under Minn. Stat. § 609.1095 (2012). The jury found appellant guilty of all charges except for first-degree aggravated robbery.

At the subsequent sentencing trial, the state introduced into evidence certified copies of appellant's three previous felony convictions. The first conviction, conspiracy to commit armed robbery, was for acts occurring on February 15, 2011; the second conviction, robbery, was for acts occurring on March 11, 2011; and the third conviction, conspiracy to commit armed robbery, was for acts occurring on March 12, 2011.

Appellant pleaded guilty to each of the offenses on January 23, 2012. The jury found that appellant was a danger to public safety.

Based on the jury's finding, the district court imposed a 120-month prison sentence on the second-degree aggravated robbery offense, a 36-month-and-one-day consecutive prison sentence on the fleeing offense, and a 24-month concurrent prison sentence on the criminal damage to property offense. The 120-month sentence imposed for second-degree aggravated robbery represented an upward departure from the presumptive 57-month sentence and the 36-month sentence imposed for fleeing a police officer in a motor vehicle represented an upward departure from the presumptive one year and one day sentence.

The day after the sentencing hearing, the district court reconvened the parties to clarify its sentencing order. The district court informed the parties that it considered appellant's criminal history score to be zero when it calculated the consecutive sentence that it imposed for fleeing a police officer in a motor vehicle, that the presumptive sentence for that offense was a stayed sentence of one year and one day, and that an upward departure was warranted based on "the exceptionally egregious nature of the crime" and the jury's finding that appellant was a danger to public safety. This appeal follows.

## D E C I S I O N

## I

Appellant argues that the district court erred in departing upward from the presumptive sentence for second-degree aggravated robbery because the record does not

3

support the district court's application of the dangerous-offender sentencing enhancement. A district court must order the presumptive sentence specified in the sentencing guidelines unless there are "identifiable, substantial, and compelling circumstances" to warrant an upward departure from the presumptive sentence. Minn. Sent. Guidelines 2.D.1 (2014). Substantial and compelling circumstances demonstrate "that the defendant's conduct was significantly more or less serious than that typically involved in the commission of the offense in question." *State v. Edwards*, 774 N.W.2d 596, 601 (Minn. 2009). We review de novo whether there are valid grounds for the district court to order an upward departure. *Dillon v. State*, 781 N.W.2d 588, 595 (Minn. App. 2010), *review denied* (Minn. July 20, 2010).

The dangerous-offender statute permits the district court to impose a durational departure not otherwise authorized by the sentencing guidelines. *Neal v. State*, 658 N.W.2d 536, 545 (Minn. 2003); Minn. Stat. § 609.1095, subd. 2. The statute authorizes the district court to impose an upward durational departure up to the statutory maximum sentence if the offender is convicted of a violent crime that is a felony and the statutory requirements are satisfied. *Neal*, 658 N.W.2d at 545. The three statutory requirements are: (1) the offender was at least 18 years old when the felony was committed; (2) the offender had two or more prior convictions for violent crimes; and (3) the fact-finder determines that the offender is a danger to public safety. Minn. Stat. § 609.1095, subd. 2. At issue here is the second requirement, whether appellant has two or more prior convictions for violent crimes.

The term "prior conviction" is defined as "a conviction that occurred before the offender committed the next felony resulting in a conviction and before the offense for which the offender is being sentenced under this section." *Id*., subd. 1(c). A conviction is defined as "any of the following accepted and recorded by the court: a plea of guilty, a verdict of guilty by a jury, or a finding of guilty by the court." *Id*., subd. 1(b). We have previously concluded that, to constitute a prior conviction as defined by Minn. Stat. § 609.1095, the first offense and conviction for that offense must both occur before the second offense. *See State v. Huston*, 616 N.W.2d 282, 283 (Minn. App. 2000) (stating that the statute requires "offense/conviction, offense/conviction, offense/conviction"). We explained that this sequencing requirement was meant to exclude "prejudicial use of multiple convictions resulting from a short crime spree" and to provide the offender a postconviction opportunity for reform before the next offense. *Id.* at 284.

Here, the acts underlying appellant's previous offenses occurred on three different dates, but his convictions for those offenses occurred on the same date: January 23, 2012, when he pleaded guilty to each offense. Thus, those offenses can constitute only one prior conviction for purposes of the dangerous-offender statute.[1] *See id*. at 283. Because the record does not establish that appellant possesses any other convictions for violent

---

[1] The Minnesota Supreme Court recently concluded, for purposes of determining whether a defendant is subject to a lifetime conditional release term, that a defendant has a "prior sex offense conviction" if the defendant's first conviction occurred before the second conviction, even if the defendant committed the second offense before he was convicted of the first offense. *State v. Nodes*, ___ N.W.2d ___, ___, 2015 WL 2088872, at *5 (Minn. May 6, 2015). But *Nodes* is distinguishable because, unlike the conditional release statute, the dangerous offender statute expressly limits a defendant's prior convictions to those that "occurred before the offender *committed* the next felony resulting in a conviction." Minn. Stat. § 609.1095, subd. 1(c) (emphasis added).

crimes, we conclude that the district court erred by imposing an upward departure based on the dangerous-offender sentencing enhancement. We therefore reverse the sentence imposed for second-degree aggravated robbery and remand for the district court to impose the presumptive sentence.

## II

Appellant also challenges the district court's imposition of a 36-month-and-one-day consecutive sentence for fleeing a police officer in a motor vehicle. The state concedes that the district court erroneously imposed an upward departure for that offense and argues that the matter should be remanded for the district court to impose the presumptive sentence. We agree.

The district court imposed an upward departure on the fleeing offense based on the jury's finding that appellant represented a danger to public safety and "the exceptionally egregious nature of the crime." But the dangerous-offender statute does not apply here because the offense for which appellant was convicted, fleeing a police officer in a motor vehicle, is not considered a violent crime for purposes of that sentencing enhancement. *See* Minn. Stat. § 609.1095, subd. 1(d) (listing offenses that constitute violent crimes for purposes of dangerous-offender sentencing enhancement). Moreover, the state concedes that it did not seek an upward departure on the fleeing offense and that it presented no evidence to the jury in support of aggravating factors that would support a motion for an upward departure. An upward departure may be based only on those factors that the sentencing jury found to be proven beyond a reasonable doubt. Minn. Stat. § 244.10, subd. 5 (2012). Because there are no factors that support the upward departure imposed

6

by the district court for fleeing a police officer in a motor vehicle, we reverse the sentence imposed for that offense and remand for the district court to impose the presumptive sentence.[2]

**Reversed and remanded.**

---

[2] On remand, the district court may consider whether it is appropriate to impose a permissive consecutive sentence of one year and one day for the fleeing offense. *See* Minn. Sent. Guidelines 2.F.2.a(2)(iii), 4.A, 5.A (2014) (permitting consecutive executed sentencing for person convicted of that offense without providing reasons for departure and providing presumptive duration of that sentence to be one year and one day).